Wingard and Ham *vs.* The State of Georgia.

No. 58.—DANIEL WINGARD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

DAVID HAM, plaintiff in error, *vs.* The same.

[1.] Playing and betting with cards for money, or other things of value, at *any* one of the games designated in the 11th section of the 10th division of the Penal Code, will constitute an entire offence; and for every such game, unconnected with the other, an indictment will lie; yet when all are perpetrated by the same person, at the same time, they constitute but one offence, for which but one count is sufficient, and for which but one penalty can be inflicted.

[2.] The objects specified, for requiring particularity in setting out an offence in an indictment.

[3.] An indictment which charges the crime to have been committed on a particular day and County, is sufficiently certain as to time and place.

[4.] The proof of guilt is not confined to the day mentioned in the indictment. It may extend to any period previously to the finding of the bill, and within the statutory limit for prosecuting the offence.

Indictments for playing and betting at cards, in Baker Superior Court. Tried before Judge PERKINS, April Term, 1853.

At the April Term, 1853, of Baker Superior Court, Daniel Wingard and others were severally tried and convicted, on the following bill of indictment.

" GEORGIA, BAKER COUNTY:

The Grand Jurors, sworn, chosen and selected for the County of Baker, in the name and behalf of the citizens of Georgia, charge and accuse Thomas Lyon, William W. Hall, Thomas J. Johnson, Daniel Wingard, Sherwood Hooks, James F. Keaton and David Ham, of the County and State aforesaid, with the offence of playing and betting with cards, for money. For that the defendants, on the third day of May, in the year eighteen hundred and fifty-one, in the County aforesaid, did, then and there, unlawfully, and with force and arms, play and bet with cards for money, at a game of poker, whist, faro,

Wingard and Ham *vs.* The State of Georgia.

seven up, three up, and other games played with cards, contrary to the laws of said State,". &c.

On the trial, counsel for the defendant, Wingard, (who elected to sever,) objected to the reading of the bill of indictment to the Jury, because the defendant was charged with several different offences in the same count.

The Court overruled the objection, and defendant excepted.

Counsel for the defendant then moved the Court to compel the Solicitor General to elect for which of said offences he would try the defendant. The Court overruled the motion, and defendant excepted.

Counsel for defendant objected to the bill of indictment, for uncertainty as to the time and place at which the offence was committed.

The Court overruled the objection, and defendant excepted.

The Court charged the Jury, " that if it was proven that the defendant did play and bet at a game with cards, for money, at any time previous to the finding of the bill of indictment by the Grand Jury, and since the term of the Court preceding the one at which the bill of indictment was returned, he was guilty."

To which charge counsel for defendant excepted, and upon these several exceptions has assigned error.

STROZIER, for plaintiff in error.

Sol. Gen. LYON, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

It will be perceived that there is but one count in this indictment, and upon this the defendants were separately tried and convicted. And to procure a reversal of the judgment, they allege—

[1.] That the indictment was radically defective, in uniting several distinct and incompatible offences in one count, to wit: the crime of playing and betting for money with cards, at a

game of " *poker, whist, faro, seven up, three up,* and other games played with cards," and that the Court refused to compel the Solicitor General to elect for which of said offences he would try the defendant.

Recently, and especially under our Code, less particularity is required in criminal pleadings than formerly. And this is right. No guilty person ought ever to escape on account of a technicality. If the Code is not broad enough already to prevent this, the Legislature should never cease the work of reform, until this end is attained.

This indictment is framed uron the Statute of 1847, (*Cobb's Digest*, 820,) which is substituted for the 11th section of the 10th division of the Penal Code. It enacts, that " if any person shall play and bet for money, or other things of value, at any game of faro, loo, brag, bluff, three up, poker, vingtune, euchre, or any other game or games played with cards ; or shall play and bet for money, or other things of value, at any E. O. or A. B. C. table, or other table of like character, or shall bet at any game of ninepins or tenpins, or of any other number of pins, such person, so offending, shall, on conviction, be fined in a sum not less than twenty dollars, nor more than one hundred dollars."

Now, it might be contended with some force, that it would be inadmissible to unite in one count, any one of the games designated in the first clause of this Statute, as brag or bluff, with a game at an E. O. or A. B. C: table, and another with ninepins. There would be an incongruity in these several games, which would make it manifestly improper to jumble them together in the same count. But a count which unites two or more of the various games enumerated in the first clause of the Act, is not liable to this objection. True, the offence is consummated by playing and betting at any *one* of them. But we apprehend that the playing and betting at the *whole*, at the same sitting, and between the same parties, would constitute but a single offence. Would it be argued, for a moment, that if two persons were to sit down and play and bet for an hour at cards, changing their game from time to time

until they had run through the entire catalogue mentioned in the Act, that each and every variation would constitute a separate and distinct offence? Surely not. Then there is no confusion in pursuing the words of the Statute in describing the offence, as is done in this indictment.

But were it even true, that the playing and betting at each one of the games set forth in the Act, or at any other game played with cards, constitutes a distinct and separate offence, still there is no rule of pleading which forbids them from being joined in the same count.

By reference to the British books, they abound in similar forms. Thus, in *Chitty*, there is a count under 45 *Geo. III. ch.* 89, "for that the prisoner did falsely make, forge and counterfeit, *and* cause *and* procure to be falsely made, forged and counterfeited; *and* did willingly aid *and* assist in the false making, forging and counterfeiting," &c—pursuing the very words of the British Statute, as the count under consideration does ours. 3 *Chitty's Criminal Law, p.* 1049. And many like precedents may be found in the same book. *Ibid,* 1048, 1052. And yet no one ever thought of questioning the sufficiency of these indictments. Still, it must be conceded, that the incompatibility between the act of counterfeiting ourselves and causing it to be done by another, is much more striking than playing at three up and seven up with cards.

Under a Virginia Statute, the language of which was precisely the same as that of *George III.* the General Court refused to entertain an objection to the indictment, upon the ground that it charged distinct offences in the same count. *Ransack vs. The Commonwealth,* 3 *Va. Cases,* 356.

So where a Statute makes two distinct acts connected with the same transaction, indictable, it has often been ruled, that they may be coupled in the same count. Thus, setting up a gaming table may be an entire offence, and inducing others to bet upon it, may constitute, also, a distinct offence; for either, unconnected with the other, an indictment will lie. Yet when both are perpetrated by the same persons, at the same time they constitute but one offence, for which one count is suffi-

cient, and for which but one penalty can be inflicted.  *Kinkle vs. The Commonwealth,* 4 *Dana,* 518.

[2.] The objects in requiring particularity in setting out an offence are—

*First,* in order to identify the charge,  lest the Grand Jury should find a bill for one offence, and  the defendant be put on his trial in chief for another.

*Secondly,* That the defendant's conviction or acquittal may inure to his subsequent protection, should  he again be questioned on the same grounds.

*Thirdly,* In warranting the Court in granting or refusing any particular right or  indulgence incident under  the law to the case.

*Fourthly,* To enable the accused to determine on the line of his defence, and prepare for it, both as to the law and facts. And

*Fifthly,* And finally to put it in the power of the Court to look through the record, and decide whether the facts charged, are sufficient to support a conviction for a particular crime,  and to warrant the judgment; also, to  regulate the appropriate punishment for the particular offence.

I need scarcely remark, that all these objects are amply secured under this indictment.

[3.] The next error complained of is, that the indictment charges no time or place, at which the offence was committed.

This objection can only be determined by inspection.   The indictment alleges, that  the  offence was perpetrated on the 23d day of May, 1851, in the County of  Baker.   More certainty is not necessary.

[4.] The remaining exception is to the charge of the Court, which was as follows: "That if it was proven that the defendant did play and bet at a game with  cards for money, at  any time previous to the finding of the bill of  indictment found by the Grand Jury, and since the preceding term of the Court, he was guilty."

We are of the opinion, not only that the Court was right, to

the extent to which it went, but that it might have gone further, and instructed the Jury, that it was competent to adduce proof of guilt, not only *since* the day designated in the indictment, and for six months before the indictment was brought, *but for any time previously, within the statutory limit for prosecuting this offence.*

And this is, after all, to the advantage of the defendant; for if he should be indicted thereafter, for playing and betting with cards, at *any* of the games enumerated in the indictment, at *any* time within two years before the bill of indictment was found, the record would be a *prima facie* protection, at least, against a conviction.

Wherefore, the judgment must be affirmed.