No. 32.—ELBERT HEISLER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] *Wingate vs. The State, in* 13 *Ga. Rep.* 396, recognized.

[2.] A witness was asked a leading question. The question was objected to, and was ruled out. The party objecting to the question, then insisted that the witness should be prevented from testifying on the point to which the question related. The Court allowed the witness to testify on that point : *Held,* that the Court did right.

Misdemeanor, in Lee Superior Court. Decided by Judge. ALLEN, March Term, 1856.

An indictment was found at the June Term, 1855, of Lee Superior Court, charging Elbert Heisler with playing and betting, on the 1st day of April, 1855, "for money and other things of value, at a game of faro, loo, brag, bluff, three-up, poker, vingtetun, seven-up, euchre and other games played with cards."

At the March Term, 1856, the case came on to be tried, when defendant's Counsel moved to quash said indictment, on two grounds—

1st. Because the allegations therein contained are insuffi-cient to sustain a conviction.

2d. Because the particular game of cards at which defendant had played, and on which the State sought a conviction, was not specified so that an issue might be formed and evidence collected.

The Court over-ruled the motion.

The case proceeded, and the State introduced WILLIAM H. ENGLISH, who testified, that in the spring of 1855, and before the finding of the indictment, he saw defendant engaged in playing a game of seven-up,—being a game played with cards, in the County of Lee. The Solicitor then asked him "if the defendant played for money." Defendant's Counsel objected to this question as leading, and the Court sustained the objection. Defendant's Counsel moved the Court to exclude the evidence of this witness, on that point, from the Jury, contending that the Solicitor, by his leading question having put the answer to it, in the mouth of the witness, should not so vary the question as to make it legal, and thus elicit from the witness information that would be a reply to the objectionable question over-ruled by the Court. The Court over-ruled the motion, and permitted the Solicitor to prove by the witness that defendant played for money, and lost twenty dollars. To this decision, Counsel for defendant excepted.

No other testimony was introduced, and the Jury found the defendant "guilty;" whereupon, the Court fined the defendant one hundred dollars, and all costs, being the highest fine the Court was allowed, by law, to inflict. To this judgment of the Court, defendant's Counsel excepted, and now assigns the same, together with the refusal of the Court to quash said indictment, and the refusal to exclude the testimony of the witness, English, as to defendant's playing for money, as error.

R. F. LYON, for plaintiff in error.

Sol. General, JOHN W. EVANS, for defendant in error.

Heisler *vs.* The State.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The indictment in this case is like the indictment in *Wingate vs. The State,* (13 *Ga.* 396,) and that was held to be sufficient by this Court.   The decision in that case, we are not asked to disturb.

Whether a leading question shall be asked on the direct examination, is a matter for the discretion of the Court hearing the examination.

The case, therefore, in which this Court would be bound to touch that Court's judgment, allowing or not allowing a leading question to be asked, would be an extreme one.

In this case, the Court would not permit the leading question to be answered; but as the question had been put, and had, therefore, done all the harm it could do, the party hurt by it, asked, as the only remedy, that the witness should be prevented from testifying on the point to which the question related.   This request the Court refused to grant.

This remedy would be worse than the disease.   It is one which, so far as we know, has never been applied in practice. If a remedy known to the law, yet, whether it shall be applied in any case, is a matter which, like that as to the asking of leading questions, is for the discretion of the Court presiding.

[2.] Upon the whole, this Court cannot say that it sees any thing to justify its interfering with the refusal of the Court to prevent the witness from being examined on the point to which the leading question related.

That question, it may be remarked, however, was not strongly leading.

A little wholesome punishment inflicted upon the Counsel that indulge in such questions, would, no doubt, soon stop the practice.

The fine imposed by the Court was not higher than the highest fine allowed by the law for such a case.

We find no error in this bill of exceptions.