WILLIAM ALLEN, plaintiff in error, *vs.* J. O. HARRIS, defendant in error.

A *colored* woman made an affidavit before a Justice of the Peace, charging the defendant with being the father of her bastard child, as provided by the 4664th section of the Code, and he was arrested by a warrant, issued by the Justice, and afterwards applied to the Judge of the Superior Court for a writ of *habeas corpus*, alleging that he was illegally arrested and deprived of his liberty, on the ground, that a *colored* woman could not swear a bastard child to its putative father, under the laws of this State: The Judge, on the hearing of the *habeas corpus*, refused to discharge the defendant from custody : *Held*, that under the present existing laws of this State, and especially under the provisions of the 1662d and 1664th sections of the Code, a *colored* woman may swear a bastard child to its putative father, in the same manner as a free white woman may do, and that the same proceedings should be had in the one case as in the other, under the law in such cases made and provided ; and that there was no error in the refusal of the Judge to discharge the defendant from his arrest, under the proceedings had against him.

*Habeas Corpus.* Criminal Law. Negroes. Decided by Judge POPE. Fulton County. Chambers. June, 1869.

Louisa Edwards made oath, before a Justice of the Peace, that William Allen was the father of a bastard child, of whom she had been delivered, and who was likely to become chargeable to said county. In this affidavit both Allen and herself were averred to be negroes. Allen was arrested, and after examination before the Justice, upon his failure to give bond for the maintenance of the bastard, etc., he was committed to jail, to be tried for bastardy.

*Habeas corpus* was sued out against Harris, the jailor, Allen was brought before Judge Pope, and his counsel asked for his liberation, upon the ground that the statutes of Georgia, as to bastardy, did not allow the said proceedings to be had against the putative father, at the instance of any but a free white woman. Judge Pope remanded Allen to jail, in default of his giving bond, in the sum of $100 00, to appear at the Superior Court, to be tried for bastardy. This decision and order are assigned as erroneous, for the reason aforesaid.

GEORGE S. THOMAS, for plaintiff in error, said Irwin's Code, section 4664, says: "free white woman;" section 1667 provides for maintenance of negro children: 16th Ga. R., 92–3. The Constitution of 1868 did not strike "white" out of the statute; as to construction of criminal law: Wharton's Cr. L., 136–7; Sedgw. on S. and C. L., 243–4–5, 332–3, 423; 29th Ga. R., 57.

E. P. HOWELL, Solicitor General, for the defendant, said Acts 17th March, 1866, 9th March, 1866, Section 2d, Art. 1, Constitution of 1868, and Section 3rd, Art. 9, abolished the distinction of color.

WARNER, J.

Under the present existing laws of this State, and especially under the provisions of the 1662d and 1664th sections of the Code, a colored woman may swear a bastard child to its putative father in the same manner as a free white woman may do; and the same proceedings should be had in the one case as in the other, under the law in such cases made and provided. The Judge did not err in refusing to discharge the defendant from his arrest, under the proceedings had against him, under the bastardy law.

Let the judgment of the Court below be affirmed.