## HINTON *vs.* THE STATE OF GEORGIA.

1. An accusation in the city court of Atlanta (in lieu of an indictment) charged that a defendant at a specified time and place did "play and bet for money or other thing of value, at a game of five-up or other game played with cards, contrary to law," etc.:

   *Held,* that the accusation was sufficient. It is not now necessary to allege with whom the gaming took place, nor for what thing of value.

   (*a.*) Where the accusation charged that the defendant played at a game of five-up or other game played with cards, counsel for the state could not be forced to elect on which game he would base the prosecution.

2. A witness may refresh his memory from a written memorandum, and then testify to the facts.

3. The evidence supports the verdict.

Criminal Law. Indictment. Evidence. New Trial. Before Judge CLARK. City Court of Atlanta. September Term, 1881.

Hinton was tried on an accusation charging him with gaming. The body of the accusation was as follows: "That the said Jerry Hinton, in said county of Fulton, on the 24th day of July, 1881, did play and bet for money or other thing of value, at a game of five-up or other game played with cards, contrary to law."

Defendant demurred to the accusation because it did not state with whom he was playing, nor the specific game, nor for what specific thing of value. The court overruled the demurrer, and refused to require the state to elect what game it would try defendant for playing.

It is unnecessary to set out the evidence, further than to state that a police officer, who was a witness, fixed the time of the offense as follows: "This offense was committed by the defendant on the 24th of July, 1881, about three o'clock Sunday morning—before daylight. I know it from this memorandum here in my hand. I took it from the docket of the station-house. I don't know

whether I made the original entry on the said docket at police headquarters. I made and make numerous arrests, and can't carry them all in my head, but I swear from memory of the transaction, refreshed as to date by memorandum. Here is the memorandum: 'State *vs.* Jerry Hinton. Gaming. 24th of July, 1881. Arresting officers, Couch, Weaver, Russell.'"

The jury found a verdict of guilty. Defendant moved for a new trial on the following grounds :

(1.) Because the verdict is contrary to law and evidence.

(2.) Because the court overruled, the demurrer to the accusation.

(3.) Because the court refused to rule out the testimony as to the time the offense was committed which is set out above, the objection being that it was secondary evidence.

The motion was overruled, and defendant excepted.

E. A. ANGIER, by brief, for plaintiff in error.

W. D. ELLIS, solicitor of city court, by brief, for the state.

JACKSON, Chief Justice.

1. We think that the court did not err in overruling the demurrer to the accusation. The offense was gaming. It matters not with whom, or what thing of value played for, nor was it necessary to elect on which game of cards the playing was done. Formerly it was necessary to allege with whom, but then the punishment was greater if with a slave, and the ruling was put on that ground. See 13 *Ga.*, 396; 22 *Ib.*, 101.

2. There was no error in letting in the evidence. The witness swore from memory but aided it by a memorandum, and had the right to do so.

3. The verdict is sustained by law and evidence.

Judgment affirmed.