## MULLING *vs.* THE STATE OF GEORGIA.

Since the abolition of slavery, it is not necessary for an indictment, charging a white man and colored woman with living in a state of adultery or fornication, to set forth the race of each.

(*a.*) The distinction between offenders of different races, as set forth in sections 4534, 4572 of the Code, is obsolete.

December 21, 1884.

Criminal Law. Fornication. Adultery. Negroes. Before Judge CARSWELL. Jefferson County. At Chambers. June 24, 1884.

Reported in the decision.

J. H. POLHILL; EDWARD HUNTER, for plaintiff in error.

R. L. GAMBLE, solicitor general; W. L. PHILLIPS, county solicitor, for the state.

HALL, Justice.

The single question in this case is, whether it is necessary in an indictment, charging a white man and colored woman with living in a state of adultery, to set forth the race of each of them. The court below held that it was not, and we think this ruling was unquestionably correct. By §4534 of the Code, any man and woman living together in a state of adultery or fornication, or of adultery and fornication, etc., may be severally indicted, and shall, upon conviction, be punished, but they may at any time prevent or suspend the prosecution and punishment by marriage, if such marriage can be legally solemnized. White and colored persons committing either of these offenses are liable to indictment, and are subject to the same penalties as are prescribed in the foregoing section of the Code. *Ib.,* §4572. The only difference in these two sections is in the mode prescribed for preventing and suspending the prosecution and punishment, and this difference is attributable to the fact that marriages cannot be solemnized lawfully between persons belonging to the two races, white and colored. Code, §4567. The distinction between these classes of offenders, as set forth in §§4534 and 4572, is obsolete, and has no existence either in reason or law. Every case is covered by §4534, and the other section, 4572, serves no purpose but to cumber the statute book, and should have been omitted from the Code; but this not having been done, it should now be repealed by the general assembly. By the terms of the act of 1793, as it now appears in the Code, §4762, it was only in the case of a free white woman who had a bastard child, or who was pregnant with one, that proceedings could be instituted against the father for the support of the child, or against the mother to compel her to disclose the name of the father, or refusing to do so, to

give bond for its maintenance ; but since the manumission of the slaves, and the investiture of colored people with the political rights and consequent liabilities of the white race, this act and the remedies it provides have been held applicable to both races alike.   40 *Ga.*, 220, 221.   The principle upon which this indictment was framed is covered, and the decision of the court fully sustained by *Hinton's* case, 68 *Ga.*, 322.   Jackson, C. J., delivering the opinion, said, "Formerly it was necessary to allege the person with whom" the gaming was done, "but then the punishment was greater if with a slave, and the ruling was put on that ground," citing 13 *Ga.*, 396 ; *Id.*, 101. Here, as we have seen, the punishment is the same, whether the adultery be committed with a white or colored person.

Judgment affirmed.