[No. 2318.]

## WILL LONG v. THE STATE.

1. INDICTMENT—TERM DEFINED.—The legal definition of the term "bet" is the "mutual agreement and tender of a gift of something valuable, which is to belong to the one or the other of the contending parties, according to the result of the trial of chance or skill, or both combined." Hence, the allegation in an indictment preferred under the Act of March 5, 1881 (General Laws, Seventeenth Legislature, page 17), amendatory of Article 364 of the Penal Code, that the defendant "bet" at the game necessarily includes the averment that the betting was of something of value, and it was not necessary that the indictment should allege that the thing bet was something of value.

2. BETTING—RAFFLE.—Article 353 of the Penal Code does not inhibit raffling, unless the article raffled exceeds in value the sum of five hundred dollars. But the Act of March 5, 1881, inhibits betting at any game played with dice or dominoes, unless played at a private house. Under this law, a raffle for a gun of the value of seven dollars, played with dice at a saloon, is a betting within the purview of the law. Nor does it make any difference whether the betting or raffle be for religious, benevolent or profane purposes.

APPEAL from the County Court of Hopkins. Tried below before the Hon. J. K. Milam, County Judge.

The conviction in this case was for betting at a game played with dice, the dice being thrown in a raffle in a saloon to decide the ownership of a gun of the value of seven dollars. The penalty assessed against the appellant was a fine of twenty dollars.

*Leach & Templeton*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. The indictment charges that the defendant did unlawfully bet and wager at a certain game with dice. It does not allege that any money, or other thing of value, was bet on said game. A motion to quash the indictment because of the want of such an allegation was made and overruled, and counsel for defendant insist that this ruling of the court is error. It is contended that, in view of the language of the Act of March

5, 1881, (Gen. Laws Seventeenth Legislature, p. 17), amendatory of Article 364 of the Penal Code, the indictment must allege, and the proof must show, that "money or other thing of value" was bet upon the game. Apparently this position is sound.

But, when we come to consider the meaning of the word "bet," as defined by our Supreme Court in Stearnes v. The State, 21 Texas, 692, it will be found that the use of that word in the indictment is equivalent to an allegation that money or other thing of value was staked upon the game. As defined in that decision, a "bet" is the mutual agreement and tender of a gift of something valuable, which is to belong to the one or the other of the contending parties, according to the result of the trial of chance or skill, or both combined. Hence, the allegation that the defendant "bet" at the game necessarily includes the averment that the betting was for something of value. If the thing staked upon the result of the game was of no value, there was no "bet" within the legal meaning of that word. It then becomes a matter of proof as to whether there was a "bet." If the proof fails to show that "money or other thing of value" was staked upon the game, no offense against the law has been committed, because there was no "bet" or "wager" upon the game. The question is one of *evidence*, and not one of *pleading*, and there was no error in overruling the exceptions to the indictment.

It is shown by the evidence that the defendant and others threw dice in a saloon to determine which of them should become the owner of a rifle gun which had been put up to be raffled for—the value of said gun being seven dollars. It is insisted by counsel for appellant that this was not a *game*, but a *raffle*, such as is not made unlawful by the laws of the State. It is true that our Penal Code does not inhibit a raffle unless the property involved in it exceeds five hundred dollars in value. (Penal Code, Art. 353.) If this prosecution was under that article it certainly could not be held that said article had been violated, because the value of the property involved does not exceed five hundred dollars. But the act of March 5, 1881 (Gen. Laws Seventeenth Leg., p. 17), inhibits betting at any game played with dice or dominoes, unless played at a private residence. Now if a raffle, such as the evidence in this case proves, is a *game played with dice*, it comes within the inhibition of the new statute, and although it may not have been, and in fact was not an offense under former statutes, it has clearly been made an offense by this new statute. The only question then

is, is a raffle, which is determined with dice, a *game* with dice? This question we must determine with an affirmative answer, as it has been so settled by our Supreme Court. In Stearnes v. The State, 21 Texas, 692, it is said: "The raffle which is in common use * * * is a game of perfect chance, in which every participant is equal with every other, in the proportion of his risk and prospect of gain. The prize is a common fund, or that which is purchased by a common fund. Each is an equal actor in developing the chances, in proportion to his risk. Whether they be developed with dice or some other instrument is not material. The successful party takes the whole prize and all the rest lose." Under this definition, and the evidence in this case, we must hold that the defendant did bet money at a *game played with dice.*

That this new statute, thus construed, embraces raffles or games sometimes used for the purpose of raising money for charitable, benevolent and even religious purposes, we do not controvert. That fact is not entitled to any consideration in ascertaining the meaning of the statute. It was the intention of the Legislature, plainly and unequivocally expressed in the statute, to inhibit betting upon any game played with dice or dominoes, not played in a private residence, without regard to the *purpose* for which such game may be played. If it be the will of the people to legalize such games when used to raise money for charitable, benevolent or religious purposes, it rests with the Legislature to so enact.

We find no error in this conviction, and the judgment is affirmed.

*Affirmed.*

Opinion delivered November 10, 1886.