## BRAND v. THE STATE.

An indictment for gambling, which charged that the accused "did play and bet for money and other things of value at a game played with cards," was sufficient, even against a special demurrer raising the objection that it failed to allege in what the "other things of value" consisted and did not give any description of the same.

Submitted October 16, — Decided October 27, 1900.

Indictment for gaming. Before Judge Reece. City court of Floyd county. July 18, 1900.

*Mark B. Eubanks*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.

COBB, J. Brand was indicted for the offense of gaming. The indictment contained two counts. The first count charged that he "did play and bet for money and other things of value at a game played with cards." The second count alleged that he "did play and bet for money and other things of value at a game played with dice and balls." The accused filed a demurrer to the indictment, upon the following grounds: (1) The indictment fails to follow the statute, in that it uses the word "and" between "money" and "other things of value," while the statute uses the word "or." (2) The indictment fails to state in what "the other things of value" consisted, and gives no description of the same. (3) The indictment fails to allege the name or description of the game alleged to have been played. The demurrer was overruled, and the accused excepted.

On the question raised by the second ground of the demurrer, the case of *Hinton* v. *State*, 68 *Ga.* 322, is controlling. In that case Hinton was arraigned in the city court of Atlanta upon an accusation in which it was charged that he "did play and bet for money, or other thing of value, at a game of five-up, or other game played with cards." The accusation was demurred to upon the ground that it did not state with whom the accused was playing, nor the specific game played, nor for what specific thing of value. The demurrer was overruled, and this court affirmed this judgment, holding that the accusation was sufficient; it not being necessary to allege with whom the gaming took place, nor for what thing of value, nor could counsel for the State be forced to elect on which game he would base the prosecution. In the opinion Mr. Chief Justice Jackson says: "We think the court did not err in overruling the demurrer to the accusation. The offense was gaming. It matters not with whom, or what thing of value played for, nor was it necessary to elect on which game of cards the playing was done." Permission was asked to review the decision just referred to, but we declined to grant the request. The decision made in that case has stood unattacked for nearly twenty years, and so far at least as it has any bearing upon the present case we will not now question its soundness. Moreover, it is in line with some of the authorities. See Long v. State (Tex.), 2 S. W. 541; Jacobson v. State, 55 Ala. 151; State v. Prescott, 33 N. H. 212.

The first and third grounds of the demurrer were not insisted on in the argument. They both seem to be without merit. The question raised in the third ground is, in principle, decided in the *Hinton* case; and the question raised in the first ground is controlled adversely to the contention of the plaintiff in error by the decision in *Grantham* v. *State*, 89 *Ga.* 121.

*Judgment affirmed. All the Justices concurring.*