## WOODY *v.* THE STATE.

1. "Gittings" and "Giddans" are idem sonans.
2. An accusation for gaming "with cards and dice" need not more particularly than as indicated by the words quoted describe "the game played or the manner of playing same."
3. The evidence in the present case did not support the accusation.

Argued May 21,—Decided July 20, 1901.

Accusation of gaming. Before Judge Nottingham. City court of Macon. April 6, 1901.

*M. Felton Hatcher,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

LUMPKIN, P. J. The plaintiff in error, Joe Woody, was convicted, in the city court of Macon, upon an accusation charging that he and others named "did unlawfully and wrongfully play and bet for money and other things of value at a game of Faro, Klondyke, Crapps, Poker, Skin, and other games played with cards and dice." In the affidavit upon which the accusation was founded, it was recited that "Frank Gittings" apppeared before the judge of the city court and on oath deposed that Joe Woody and others named committed the acts above mentioned. This affidavit purported to have been signed by "Frank Giddans." The accusation appears to have been made by "Frank Gittings," though signed by "Frank Giddans." Before pleading to the merits, the accused filed a demurrer, the grounds of which were as follows: (1) "There is no affidavit upon which accusation could issue, the affidavit having been signed

and sworn to by Frank Giddons, when the accusation is issued in the name of Frank Gittings;" (2) "there is no legal affidavit upon which said accusation could issue, the said affidavit purporting on its face to be made by Frank Gittings, and being signed by Frank Giddons;" and (3) the "accusation is void, because it does not set out with the particularity required by law the game played, or the manner of playing same, nor does it follow the code section in reference to gaming." To the overruling of this demurrer and the denial of a new trial the accused excepted.

1. A name spelled "Gittings" is susceptible of a pronunciation so similar to that of a name spelled "Giddans," it certainly requires no strain to hold that they are idem sonans. At any rate, it is safe to say that the person who signed his name "Frank Giddans" was the individual intended to be designated in those portions of the affidavit and accusation respectively describing the affiant and the accuser as "Frank Gittings." We therefore hold that the first and second grounds of the demurrer were without merit, especially so as they erroneously stated that the signature affixed to the affidavit and the accusation was that of "Frank Giddons," when, as has been seen, it was really that of "Frank Giddans." It seems, therefore, that there was almost, if not quite, as much inaccuracy in framing the demurrer as there was in stating the name of the affiant in the affidavit and accusation.

2. It was not essential that the accusation should minutely describe the games played or the manner of playing them. The accused was sufficiently informed of the nature of the charge preferred against him, the material portions of which are quoted above.

3. The evidence did not warrant a verdict of guilty, for at least two reasons: (1) There was no proof whatever that the accused ever played any game of any description with any one or more of the persons named as codefendants in the accusation; and (2) while, as has been seen, the accusation charged that the accused played for money and other things of value at divers games "played with cards and dice," there was no evidence that he ever at any time played for money or other thing of value in any game answering the description embraced in the words last quoted. At most, the evidence showed that the games at which he hazarded anything were played with dice only.

*Judgment reversed. All the Justices concurring.*