## PULLEN *v.* THE STATE.

1. Moving to dismiss a writ of error on the ground that the evidence sent up in the record has not been briefed as required by law is not the proper manner of bringing to the attention of this court an apparent failure on the part of the plaintiff in error to make a bona fide effort to meet the requirements of the Civil Code, § 5528, which prescribes how the evidence adduced on the trial of a case in the court below shall be presented for consideration by this court.

2. An accusation in which three named persons are jointly charged with the offense of gaming, but in which there is no allegation that they participated with others in the doing of the acts therein specified, is not sustained by evidence showing merely that one of the persons accused engaged, with other parties whose names were undisclosed, in playing for money a game in which cards were used.

Argued October 22, — Decided November 12, 1902.

Accusation of gaming.　Before Judge Robinson.　City court of Wrightsville.　August 18, 1902.

*E. L. Stephens* and *K. J. Hawkins,* for plaintiff in error.
*R. B. Blount, solicitor,* contra.

LITTLE, J.　The plaintiff in error was brought to trial in the city court of Wrightsville, upon an accusation in which he, James H. Wright, and Jim Wright were jointly charged with the offense of "gambling."　The trial resulted in the conviction of Pullen, who brought the case here for review by a bill of exceptions in which complaint is made, (1) that the court below overruled a demurrer to the accusation, and (2) that his motion for a new trial was also overruled.　The first of these assignments of error was not insisted upon before this court.　As to the second, we have reached the conclusion that a new trial should have been granted on the ground that the evidence did not support the verdict of guilty.　Before undertaking to deal with the case upon its merits, it is necessary, however, for us to dispose of a motion made by counsel for the State, to dismiss the writ of error.

1. This motion was based upon the ground that " what purports to be a brief of evidence in said case is not compiled as the law directs, and not briefed as required."　As was pointed out in the case of *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264:　" It is not the proper practice to move to dismiss a writ of error on the ground that the evidence has not been briefed as required by law."　We

have, however, examined the brief of evidence sent up in the record before us, with a view to determining whether or not a bona fide effort was made to comply with the requirements of the Civil Code, § 5528, and have reached the conclusion that there has been a substantial compliance therewith as regards the manner in which the testimony delivered at the trial was briefed. This being so, we will pass to a consideration of the question whether or not the State made out the charge against the plaintiff in error which was set forth in the accusation.

2. Only one witness was introduced by the State. He testified that he knew Rube Pullen and "saw him gambling some time in May, 1902, . . at Smith's & Rowland's mill." The witness fully described the manner in which the game he saw played was conducted by Pullen and the parties with whom he was gaming, but did not give the name of any of the persons who participated with Pullen in his forbidden pastime. It seems that the witness was unable to state who any of these persons were, for upon cross-examination he said: "There was several others in the game; don't remember who all." Certain it is that he did not mention either James H. Wright or Jim Wright as being participants in the game, or even state that either of them was present. Was this, then, the occasion referred to in the accusation when "the said Rube Pullen, James H. Wright, and Jim Wright, . . on the 15th day of June, 1902, did then and there unlawfully and with force and arms play and bet for money, or other thing of value, at a game played with cards?" We can not ourselves undertake to say, nor do we think the jury were authorized to indulge in any speculation on the subject.

It was not, of course, incumbent on the State to show that the unlicensed performance in which Pullen was alleged to have taken part occurred on the precise date named in the accusation. *Chapman* v. *State*, 18 *Ga.* 736. But it was indispensably necessary that the charge against him should have been supported by at least some proof of the dramatis personæ. To have established the fact that Pullen played with other gamesters, of whom either James H. Wright or Jim Wright was one, would have been all-sufficient. *Grant* v. *State*, 89 *Ga.* 394. As this was not done, however, the present case is controlled by the decision pronounced by this court in *Woody* v. *State*, 113 *Ga.* 927-8, wherein one of the reasons as-

signed for holding that the "evidence did not warrant a verdict of guilty" was that: "There was no proof whatever that the accused ever played any game of any description with any one or more of the persons named as codefendants in the accusation." It is to be noted that the accusation now under consideration did not charge that Pullen ever played with persons other than James H. Wright and Jim Wright; so it is not to be inferred that the State sought to bring him to trial for engaging in an illegal enterprise of greater scope or moment than a three-handed game. Accordingly, the conviction can not be upheld upon the idea that the case at bar falls within that class of cases cited approvingly in the recent case of *Martin* v. *State,* 115 *Ga.* 255, in which this court held that: "Where, under an indictment charging two named persons, 'together with others,' with the offense of riot, one of the persons named was convicted and the other acquitted, the conviction will be upheld when the evidence shows that any other person capable of committing the crime participated with the person convicted in the criminal acts charged in the indictment." Our conclusion therefore is that Pullen was not shown to be guilty of the specific charge made against him. Indeed, if credit is to be given to his statement made at the trial, that he "don't gamble" at all, and "was not at the mill at the time" referred to by the witness for the State, an innocent man has been found guilty of doing an unlawful act with the commission of which he has never been by the State even accused.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*