## MACK *v.* THE STATE.

1. If one should openly enter and remain in a car with no intent to pay his fare, he would not be guilty under the provisions of the act of December 21, 1897. (Van Epps Code Supp. § 6662.)

2. If he should conceal himself in a car for some purpose other than that of avoiding the payment of his fare, he would not be guilty under this act.

3. But if he should conceal himself on a train or in a car for the purpose of avoiding the payment of fare, he would be guilty of attempting to steal a ride, if removed before the journey began; or, of actually stealing a ride, if he remained in the car until after the journey had commenced.

4. An accusation charging M. with the offense of a misdemeanor, in that he "fraudulently concealed himself in a car of a railroad company for the purpose of avoiding the payment of fare and stealing a ride," was sufficient to withstand a general demurrer.

Submitted December 21, 1903. — Decided January 13, 1904.

Accusation of stealing ride on train. Before Judge Henderson. City court of Vienna. November 17, 1903.

*Crum & Jones*, for plaintiff in error.
*E. F. Strozier, solicitor*, and *Whipple & McKenzie*, contra.

LAMAR, J. If one should openly enter and remain in a car with no intent to pay his fare, he would not be guilty under the provisions of the act of December 21, 1897. (Van Epps Code Supplement, § 6662.) Or if he should conceal himself in a car for some purpose other than that of avoiding the payment of his fare, he would not be guilty thereunder. But if he should conceal himself on a train, or in a car, for the purpose of avoiding the payment of fare, he would be guilty of "attempting to steal" a ride, if removed before the journey began; or of "stealing a ride," if not discovered until after the journey had actually begun. The accusation charged the defendant with a "misdemeanor," in that he did "falsely and fraudulently conceal himself from the conductor and train authorities, by hiding in a box-car . . upon a train of the Georgia Southern & Florida Railroad Company, for the purpose of avoiding the payment of fare and stealing a ride thereon." The judge properly overruled a general demurrer to this accusation. The defendant was not charged with the offense of merely concealing himself, but with the offense of a misdemeanor manifested by concealing himself in a car for the purpose of avoiding the payment of fare. The act and the intent were those prohibited by the statute, and the accusation was sufficient.

*Judgment affirmed. All the Justices concur.*