## HUBBARD *v.* THE STATE.

1. When the statute makes it penal for any person to play and bet for money, or other thing of value, "at any game played with cards, dice, or balls," an indictment is not demurrable because it alleges that the defendant played and bet for money and other things of value at a game played with "cards, dice, and balls."
2. Under an indictment charging that the defendant played and bet money and other things of value at a game played with cards, dice, and balls, it is sufficient to support a conviction if the evidence shows that he played and bet money at a game played with cards alone.   (FISH, P. J., dissents.)
3. Under the ruling in *Pullen* v. *State*, 116 *Ga.* 555, where several persons were jointly indicted by name for the offense of gaming, and it was not alleged that others or unknown persons participated in the game, a conviction of one of the named persons was not authorized by evidence which did not disclose that any of those jointly indicted with him were connected with the transaction.

Submitted April 17, —Decided May 13, 1905.

Indictment for gaming.   Before Judge Henry.   Walker superior court.   March 8, 1905.

*Bale & Shaw,* for plaintiff in error.
*W. H. Ennis, solicitor-general,* contra.

LUMPKIN, J.   Hubbard was indicted for gaming, it being charged that he "did unlawfully play and bet for money and other things of value at a game played with cards, dice, and balls."   A demurrer to the indictment was overruled.   After conviction he

moved for a new trial, and, upon a refusal thereof, excepted. On the trial only one witness was introduced, who testified, that he went on a raid after gamblers, and on entering a room about ten o'clock at night saw some negroes sitting around an old canvas cot on which were lying some cards, and a few nickels and dimes, that he made a grab for the money, and the negroes did likewise and that the defendant was one of the party. He said, "I did not see any dice or balls." The witness did not identify any of the parties present except the defendant.

1, 2. An indictment under section 401 of the Penal Code may charge in one count conjunctively that the defendant played and bet at a game played with cards, dice, and balls, without being subject to demurrer. At the trial the offense could be established by proof of playing and betting at a game played with either cards, dice, or balls. *Wingard* v. *State*, 13 *Ga.* 396; *Eaves* v. *State*, 113 *Ga.* 749 (5); *Cody* v. *State*, 118 *Ga.* 784; *Brand* v. *State*, 112 *Ga.* 26; 1 Bish. New Cr. Proc. § 436; Bish. Stat. Cr. (3d ed.) § 244. Had the indictment charged the offense as having been committed in one of several ways, in the alternative, it would have been more open to objection. *Grantham* v. *State*, 89 *Ga.* 121; *Eaves* v. *State*, supra; *Henderson* v. *State*, 113 *Ga.* 1148. This ruling in no way conflicts with the decisions in *Langston* v. *State*, 109 *Ga.* 153, and *Long* v. *State*, 12 *Ga.* 293. In so far as the remark in *Woody* v. *State*, 113 *Ga.* 927, 928, may appear to conflict with the decisions herein cited, it is not authority.

3. It has been held that it is not now necessary in this State to allege with whom the gaming took place. *Hinton* v. *State*, 68 *Ga.* 322; *Brand* v. *State*, 112 *Ga.* 25. But if an indictment jointly charges the defendant and other named persons with the offense of gaming, without charging that others participated in the act specified, the conviction is not sustained by evidence which merely indicates that the defendant participated in a game with certain persons, but fails to show that any of the other joint defendants were engaged in it. *Pullen* v. *State*, 116 *Ga.* 555; *Woody* v. *State*, 113 *Ga.* 927; *Grant* v. *State*, 89 *Ga.* 293 (4). Under these rulings the judgment is not supported by the evidence.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*

FISH, P. J., concurring specially.    While I concur in the judgment rendered, I can not agree to the proposition, stated in the second headnote and announced in the opinion, that where an indictment for the offense of gaming charged the accused with playing "at a game played with cards, dice, and balls," evidence that he played a game with cards only authorized a conviction. The charge was that the offense was committed in a particular way, that is, "at a game played with cards, dice and balls." The descriptive averments of the manner in which the game was played were essential elements of the particular offense · charged, and, according to the well-settled rule of pleading, should have been proved as laid.    In *Woody* v. *State*, 113 *Ga*. 927, the exact point here involved was distinctly ruled.    In that case the indictment was for gaming, and charged the accused with playing and betting at divers games " played with cards and dice."    It was held that a conviction was not warranted, when there was no evidence that the accused played and bet at a game played with both cards and dice.    It is true that it was held that the verdict was not warranted, for another reason, but the decision was distinctly put on both grounds.    In my opinion, the ruling in that case was not at all in conflict with any of the previous rulings of this court, nor with the principle stated by Bishop, cited in the opinion of the majority in the present case.    Of the cases decided by this court, cited to support the decision now rendered, *Wingard* v. *State*, 13 *Ga*. 396, and *Eaves* v. *State*, 113 *Ga*. 749, seem more nearly in point than the others. In *Wingard's*· case, the indictment charged that the accused played and bet with cards for money, " at a game of poker, whist, faro, seven up, three up, and other games played with cards. "    The words, " poker, whist, faro," etc., were each descriptive of a separate and particular game, and especially so when .used in connection with the expression, " and other games played with cards. "  `That each of these words was descriptive of a distinct and separate game was shown by the statute itself under which the accused was indicted, which enacted that " if any person shall play and bet for money, " or any other things of value, at any game of faro, loo, brag, " etc., " or any other game or games played with cards," he shall, on conviction, be fined, etc.    In the *Eaves* case it was held that where an indictment charged the accused with unlawfully selling " spirituous, vinous, and malt *liquors*,"

proof that he unlawfully sold any one of such liquors would support a conviction.    If the indictment in that case had charged the unlawful sale of a given quantity of spirituous, vinous, and malt *liquor*, and the proof had shown the unlawful sale of a given quantity of malt liquor alone, I apprehend that a conviction would not have been sustained; yet such a case would have been more like the one in hand than the real case there made.    As I understand the ruling in that case, it was that the indictment charged the accused with unlawfully selling spirituous liquor, vinous liquor, and malt liquor; that is, that he was charged with unlawfully selling all three kinds of liquor, and, therefore, proof that he unlawfully sold any one of them was sufficient to sustain a conviction.    If a merchant were to advertise to sell woolen, linen, and cotton goods, I think it would be generally understood that he offered to sell three kinds of goods, to wit, woolen goods, linen goods, and cotton goods.    But if he were to advertise to sell cloth made of, or " with," wool, flax, and cotton, I think it would be well understood that he proposed to sell a particular kind of cloth composed of all three of these materials.    If the indictment in the present case had charged that the accused played and bet at a game played with cards, a game played with dice, and a game played with balls, proof that he played at a game in which cards alone, or dice alone, or balls only were used would sustain a conviction ; but "a game played with cards, dice, and balls" is a different thing from a game played with cards only, dice only, or balls alone.    The *Eaves* case was decided on July 18, 1901, and the *Woody* case on July 20, 1901.    It would be rather singular if only two days after the ruling was made in the *Eaves* case, this court had, in the *Woody* case, rendered a decision in conflict therewith.    But, as said above, I do not think there is any conflict between the two.