HENRY HANDY v. THE STATE.

No. 3354. Decided February 21, 1906.

1.—Gaming—Indictment—Wager—Article of Value.

In an indictment for gaming which alleges that the defendant unlawfully bet and wagered at a game played with cards, etc., it is not necessary that it should have alleged that money or something of value was bet or wagered by defendant.

2.—Same—Insufficiency of Evidence—Private Residence—Common Resort.

Where upon a trial for unlawfully betting and wagering at a game played with cards at a private residence, etc., which was commonly resorted to for the purpose of gaming, the evidence showed that the game for which the defendant was prosecuted was the first game proved by the State that had been played at said residence, and that the games played there subsequently were casual, and that the defendant had no complicity therein, it did not establish the fact that such residence was commonly used for the purpose of gaming, and it was insufficient to sustain a conviction.

Appeal from the County Court of Shackelford. Tried below before Hon. I. M. Chism.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*Thomas L. Blanton,* for appellant.—On question of wager, Hipp v. State, 75 S. W. Rep., 28; Floeckinger v. State, id., 303.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction is for gaming, the punishment being fixed at a fine of $10. Appellant insists that the indictment is defective, because it does not allege that money or something of value was bet or wagered by defendant. This is not necessary. The indictment does allege the defendant bet and wagered. Long v. State, 22 Texas Crim. App., 194; 2 S. W. Rep., 541.

The controlling question is the sufficiency of the evidence. The game of cards was played at a private residence, and the evidence wholly fails to show that it was commonly resorted to for that purpose. The game for which appellant was prosecuted was the first game proved by the State that had been played at said residence. One or more games were subsequently played, but no complicity on the part of appellant is shown in said games; and the casual playing at a private residence, such as the record in this case discloses, would not establish the fact that the residence was commonly used for the purpose of gaming, even if the subsequent playing was admissible to prove that the house was commonly resorted to for that purpose. The evidence not being sufficient, the judgment is reversed and the couse remanded.

*Reversed and remanded.*