## 257.  GOLDSMITH v. THE STATE.

A solicitor of a city court may amend an accusation in that court at any time before the defendant therein has pleaded to the merits, provided the affidavit of the prosecutor will ·legally support the accusation as amended, unless such amendment is forbidden by the act creating such city court.

Accusation of misdemeanor, from city court of Richmond county—Judge Eve.  February 18, 1907.

Argued March 21,—Decided July 10, 1907.

*Isaac S. Peebles. Jr., Wallace B. Pierce,* for plaintiff in error.
*James C. C. Black, Jr., solicitor, John M. Graham,* contra.

RUSSELL, J.  The only assignment of error to be passed upon in this case is the complaint that the court erred in allowing the accusation against the plaintiff in error to be amended, and in refusing to quash it.  The amendment was permitted before the defendant pleaded, and it consisted in changing the ownership of a pistol alleged to have been stolen, and of the house in which it was said to have been contained.  The question is thus squarely presented whether the solicitor of the city court of Richmond county has the right to amend an accusation originating in that court and based upon an affidavit of a prosecutor; and if so, under what circumstances can such amendment be allowed?  The 32d section of the act creating the city court of Richmond county provides:  "Defendants in criminal causes where the prosecution originates in said city court, or where such defendants are bound over to said city court by any justice of the peace or notary public, shall be tried on written accusations, setting forth plainly the offense charged, founded on affidavit containing the name of the accuser, and signed by the solicitor of said court.  The proceedings, after accusation, shall conform to the rules governing in the superior court, except there shall be no jury trial, unless demanded, as hereinbefore provided, by the accused.  In all cases tried upon accusations, the offense shall be therein charged with the same particularity, both as to matter of form and substance, as is required by the laws and rules of criminal pleading to be observed in bills of indictment in the superior courts."
(Acts 1880-1881, p. 580.)  The plaintiff in error insists upon the latter portion of the section, that the proceedings after accusation shall conform to the rules governing the superior courts, and

the offense shall be charged with the same particularity as is required to be observed in bills of indictment in the superior court.

We confess that the determination of the question is not without some difficulty, in view of the language of the act which we have quoted, if considered alone and without reference to the difference between the word "accusation" (as used with special reference to a city court, and not considered in a generic sense) and an indictment. There is, however, a marked difference between an accusation and an indictment, which would furnish reasons for allowing an accusation to be amended, while an indictment can not be, except by the grand jury itself before the defendant pleads. The indictment is found upon the oaths of a grand jury, whereas an accusation in a city or county court is based upon the affidavit of the prosecutor; and if the affidavit of the prosecutor is not amended, the analogy between the two is complete, although an indictment can not be amended. An accusation is the equivalent of the common-law "information;" and we apprehend, therefore, that when the act says that the proceedings after the accusation shall conform to the rules governing in the superior court, the legislature intended to refer to the accusation as it stands when the defendant is finally put upon trial, and not to preclude the right of amending the accusation, either to make it conform to the affidavit on which it is based, or to amplify the charge contained in the affidavit, so as to comply with the requirement of the act as to the particularity with which the charge should be set forth. We are satisfied that this is the proper construction to be given the section of the act creating the city court of Richmond county, above quoted. It clearly appears from the following decisions. In <i>Gordon</i> v. <i>State,</i> 102 <i>Ga.</i> 679, 29 S. E. 446, Mr. Justice Cobb said: "The term [accusation], as used in our law in reference to trials in courts having jurisdiction of misdemeanor cases, is but the equivalent of an information at common law;" and Justice Fish, speaking for the court, in <i>Wright</i> v. <i>Davis,</i> 120 <i>Ga.</i> 676, 48 S. E. 173, says: "Under the common law, from which most of our ideas of 'due process of law' are derived, an information lies for all misdemeanors, and an information by the attorney or solicitor-general . . is the mere allegation of the prosecuting officer by whom it is preferred."

If it be true that an accusation takes the place of a common-

law information, an accusation in a city court, in the absence of
a statutory provision to the contrary, is subject to amendment.
In Rex v. Wilkes, 4 Burrows, 2527, Lord Mansfield says, "There
is a great difference between amending indictments and amend-
ing informations.  Indictments are found upon the paths of a.
jury, and ought only to be amended by themselves; but informa-
tions are as declarations in the King's suit.  An officer of the
crown has the right of framing them originally, and may, with
leave, amend, in like manner as any plaintiff may do.  If the
amendment can give occasion to a new defense, the defendant has
leave to change his plea."  There can be no question that the.
solicitor could have withdrawn the accusation and have preferred
a new one.  The motion to quash was based upon the fact that he
had merely amended the original accusation.  If the accusation
was not amendable, the motion to quash the accusation should
have been sustained; and as this would have been a final disposi-
tion of the cause, the overruling of the motion properly presents
the allowance of the amendment to this court for review.

The question has not been directly raised in any case which has.
come under our observation, but, from what has been said above,
we are convinced that the allowance of the amendment in this.
case was not error; because it was made before the defendant.
pleaded to the merits.  The amendment did not conflict with the.
affidavit, and the act creating the court did not forbid it.  In the
case of *Barlow* v. *State,* 77 *Ga.* 448, the court did not settle the
question now before us, but rather decided what we have already
held, that the solicitor could have withdrawn the accusation and
have presented another; and held that the defendant would not be.
heard to complain because, instead thereof, the accusation was.
amended; because he himself consented to be tried on the accusa-
tion as amended, rather than require another accusation.  In the
case of *Conley* v. *State,* 83 *Ga.* 498, 10 S. E. 123, the defendant.
was tried in the city court of Atlanta upon an accusation which
failed to allege venue; and an amendment was allowed alleging
venue, after the evidence had closed.  The judgment finding him
guilty was reversed because the court did not sustain a motion in
arrest of judgment; and the court held that it is too late to amend
after the party has been put upon his trial.  This was the real
question in the case that was to be decided; and the court held.

that the accusation takes the place of an indictment. But while this was the only issue in that case, the court, in deciding the case, we think, decided this. What might have been considered obiter in that case is based upon the principles announced in the authorities to which we have referred, and is sound law. "The solicitor of the city court, before trial of a criminal case, and before the selection of a jury, can at any time amend the accusation as he may deem proper." This rule does not admit in its fullness the statement made by Justice Blandford, that "the accusation takes the place of an indictment." The rule is based upon a recognition that there is a substantial difference between the two, and that if the affidavit upon which the accusation sought to be amended is based is for any reason insufficient, or incompatible with the accusation as amended, the amendment can not be allowed, but the State will be forced to procure a new affidavit and a new accusation thereon. In this case, as the defendant was charged in the affidavit with misdemeanor,—larceny from the house, without more, the affidavit was as applicable to the accusation as amended as to the original.        *Judgment affirmed.*