### 1196.　Jackson *v.* The State.

Russell, J. 1. The solicitor of a city court may amend an accusation in that court at any time before the defendant therein has pleaded to the merits, provided the affidavit of the prosecutor will legally support the accusation as amended, unless such amendment is forbidden by the act creating the court. *Goldsmith* v. *State,* 2 *Ga. App.* 283 (58 S. E. 486). The act creating the city court of Fitzgerald (Acts of 1905, p. 222) not forbidding the amendment of accusations, the court did not err in allowing the accusation in the present case to be amended by alleging that the defendant was a laborer, instead of a farm laborer, although the affidavit averred the defendant to be a farm laborer.

2. On the trial of an accusation charging the violation of the labor-contract law of 1903 (Acts of 1903, p. 90), evidence that R. & Brother furnished certain goods to the defendant will not, without more, support an allegation that the defendant procured from D. & Company valuable merchandise and supplies.

3. A conviction upon an accusation alleging that the defendant was a laborer can not be supported by evidence which clearly discloses that the contract between the parties was one of a different nature. An agreement whereby certain turpentine boxes are placed by the owner under the control of another, who agrees to chip and dip the same upon a counter-agreement of the owner to pay him $2.75 per barrel for all the turpentine yielded by said boxes, is not a contract of hire, but one in the nature of a rental.

4. From what has been said, consideration of the other assignments of error is unnecessary.　　　　　　　　　*Judgment reversed.*

Accusation of cheating and swindling, from city court of Fitzgerald—Judge Jay. April 18, 1908.

Submitted June 9,—Decided June 18, 1908.

*Eason & Bull,* for plaintiff in error.

*O. H. Elkins, solicitor,* contra.