## 1949. BARKER *v.* THE STATE.

In an accusation of cheating and swindling, an allegation that the defendant, by reason of his false and fraudulent representations, obtained from the prosecutor "groceries consisting of meats and other groceries, of the value of one dollar and ten cents," is not sufficient as against a special demurrer directed at this delinquency.

Accusation of misdemeanor, from city court of Moultrie—Judge McKenzie. May 15, 1909.

Submitted June 23,—Decided July 6, 1909.

*W. F. Way,* for plaintiff in error.

*A. R. Kline, solicitor,* contra.

POWELL, J. The defendant was charged with the offense of being a cheat and swindler. It was alleged that, by reason of false representations duly set out in the accusation, the defendant had cheated the prosecutor by obtaining from him "groceries, consisting of meat and other groceries, of the value of one dollar and ten cents." The defendant, on arraignment and before pleading to the merits, filed a special demurrer, on the ground that there was "no sufficient allegation of the goods alleged to have been obtained." The accusation was defective. *Oglesby* v. *State,* 123 *Ga.* 506 (51 S. E. 505); *Henderson* v. *State,* 113 *Ga.* 1148 (39 S. E. 446); *Langston* v. *State,* 109 *Ga.* 153 (35 S. E. 166). In view of the ease with which accusations may be amended at any time before the jury is sworn (*Goldsmith* v. *State,* 2 *Ga. App.* 283, 58 S. E. 486), there is no reason why the State's counsel should not be compelled to make his allegations definite and specific. An allegation of the kind involved here might be sufficient in an indictment, where no right of amendment is permitted. See *Brand* v. *State,* 112 *Ga.* 25 (37 S. E. 100), and cit. The *Oglesby* case, supra, however, is clear authority for the proposition that such an allegation is not sufficient in an accusation like the one before us.           *Judgment reversed.*