### 12350.    GODDARD *v.* THE STATE.

1. The accusation was subject to some of the special grounds of the demurrer, and the court erred in overruling the whole demurrer.
2. The error in overruling the demurrer rendered the further proceedings in the case nugatory.

DECIDED JUNE 17, 1921.

Accusation of cheating and swindling; from city court of Eastman — Judge Franklin. February 23, 1921.

*M. J. Carswell,* for plaintiff in error.

*D. D. Smith, solicitor,* contra.

BROYLES, C. J. The accusation charged that the accused " with force and arms did falsely and fraudulently represent to A. F. Peterson that a black buggy, Tyson & Jones make, belonging to him, Charlie Goddard, was of the value of $75.00, and

that one White Hickory Jersey wagon, belonging to him, said Charlie Goddard, was of the value of $30.00 or $35.00, the said Charlie Goddard representing that said articles were worth the different amounts stated; that said representation or pretense was false, and was known to be false by the said Goddard at the time of making the same; that said pretense was knowingly and designedly false, and was made by the said Charlie Goddard with intent to deceive and defraud the said A. F. Peterson; that it did deceive and defraud the said Peterson; that said false pretense related to an existing fact; that the said Peterson, the party to whom said false pretense was made, relying on its truth, was thereby induced to part with his property, letting the said Goddard have certain quantity of meat and corn of the value of $110.00, to the loss and damage of the said Peterson in said sum of $110.00, contrary to the laws of said State, the good order, peace, and dignity thereof." The following demurrer was interposed and overruled:

"1st. Said accusation sets out no crime as having been committed by defendant.

"2nd. Said accusation does not state whether or not said representations, alleged to have been made by defendant, were in parol or in writing.

"3rd. Said accusation does not state what was the true value of the property concerning which the allegations as to value are alleged to have been made by defendant.

"4th. Said accusation does not set out in what way the alleged allegations as to value of said property caused any damage to A. F. Peterson, the prosecutor.

"5th. Said accusation does not allege what part, if any, of the amount alleged to have been advanced to defendant by said A. F. Peterson, has been repaid."

1. We think the accusation was subject to the 2d and 4th grounds of the demurrer. As said by Judge Powell in *Barker* v. *State,* 6 *Ga. App.* 443 (65 S. E. 57): "In view of the ease with which accusations may be amended at any time before the jury is sworn (*Goldsmith* v. *State,* 2 *Ga. App.* 283, 58 S. E. 486), there is no reason why the State's counsel should not be compelled to make his allegations definite and specific. An allegation of the kind involved here might be sufficient in an in-

dictment, where no right of amendment is permitted. See *Brand* v. *State*, 112 *Ga.* 25 (37 S. E. 100), and cit. The *Oglesby* case, supra [123 *Ga.* 506], however, is clear authority for the proposition that such an allegation is not sufficient in an accusation like the one before us."

2. The error in overruling the demurrer rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., dissents.*