### 12375. DIXON *v.* THE STATE.

BROYLES, C. J. 1. The accusation in this case sets forth that the accused did " fraudulently conceal himself on a car of a railroad company for the purpose of avoiding payment of fare and stealing a ride, and did then and there steal a ride on said train while so concealed and without paying the fare therefor." This accusation was drawn under section 717 of the Penal Code of 1910, which is as follows: " If any person shall ride or attempt to ride on a railroad-train of any character, who conceals himself from the conductor or train authorities, by hiding under the train, or upon the top of the train, or in box-cars, on tenders, or elsewhere, for the purpose of avoiding the payment of fare or of stealing a ride thereon, he shall be guilty of a misdemeanor." To this accusation the defendant interposed a special demurrer on the ground (the only one argued in the brief of counsel for the plaintiff in error) that " said accusation fails to state that defendant concealed himself from the conductor or train authorities, as required by the Penal Code." *Held,* that the demurrer was properly overruled, as the substance and spirit of the statute was sufficiently and substantially charged in the ·accusation. The gist of the offense penalized by this statute (Acts 1897, p. 116) is the fraudulent concealing of himself by a person in a car of a railroad company for the purpose of stealing a ride and to escape payment of a fare therefor, and this was clearly charged in the ·accusation. See, in this connection, *Mack* v. *State,* 119 *Ga.* 352 (46 S. E. 437).

2. In the instant case the evidence, although showing that the defendant rode on the train in a box-car without paying any fare, fails to show that he was *concealed* therein, or that he was in the box-car for the purpose of stealing a ride or to escape paying his fare, or that he concealed himself from the conductor or train authorities, or that he was riding on the train without their knowledge and consent; and it is not disclosed by the record that any authorities of the train in question had anything to do with his arrest or prosecution. Furthermore, in the state of the record, it is even uncertain whether the box-car in which the defendant was riding belonged to the railroad company, or to a circus of which the defendant was an employee. It

follows that the defendant's conviction was unauthorized, and that the court erred in overruling his motion for a new trial.

3. The above rulings being controlling, the other assignments of error are not passed upon.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

BLOODWORTH, J., concurring specially. A person accused of a violation of a criminal law is entitled, when the same is called for by proper and timely special demurrer, to an accusation perfect as to every essential element of the crime charged. The demurrer in this case specifically alleged that " said accusation fails to state that defendant concealed himself from the conductor or train authorities, as required by the Penal Code." An essential element of the crime sought to be charged in this accusation is that the accused " conceals himself from the conductor or train authorities;" and this not having been alleged, the indictment was subject to the special demurrer, and should have been quashed. " In view of the ease with which accusations may be amended at any time before the jury is sworn (*Goldsmith* v. *State*, 2 *Ga. App.* 283, 58 S. E. 486), there is no reason why the State's counsel should not be compelled to make his allegations definite and specific." *Barker* v. *State*, 6 *Ga. App.* 443 (65 S. E. 57).

DECIDED JUNE 17, 1921.

Accusation of stealing ride on train; from city court of Swainsboro — Judge Kirkland. March 28, 1921.

*Alfred Herrington Jr., Felix C. Williams,* for plaintiff in error. *I. W. Rountree, solicitor,* contra.