### HOGAN *vs.* THE STATE OF GEORGIA.

1. The evidence abundantly supports the finding that defendant is guilty, and therefore the verdict is not contrary to law.
2. The record does not disclose any abuse of the privileges of witnesses in compelling them to answer questions inculpating themselves against their wills, and even if there had been any instances of it in the case of one or two of the numerous witnesses, there is abundant testimony outside of what they testified to require the verdict. Wharton Crim. Law, §§465, 472, 473, 476.
3. Reputation of a house being kept and maintained as a lewd house is admissible evidence. Wharton's Crim. Ev., §261; 17 Conn. R., 467.
4. No testimony of consequence running back more than two years was admitted, and the verdict is demanded without it. Besides, to show the character long established of such a house, it might well be admitted, the jury in the charge of the court being told not to convict the defendant unless she had kept the house within the two years preceding the accusation.

5. Nothing wrong is discovered in the charge, as excepted to, when the whole is read together, and the exceptions are corrected by reference to the general charge, upon which limitation and condition alone they are certified as true.

Judgment affirmed.

November 3, 1885. (Head-notes by the court.)

JACKSON, Chief Justice.

[Lena Hogan was indicted for keeping a lewd house. A number of witnesses were introduced by the state, from whose testimony it appeared that the defendant had resided at a certain house in Americus for a number of years; that she made purchases for the house and returned it for taxation within two years prior to the date of the indictment; that the reputation of the house was that it was a lewd house, and women who were known as lewd women lived there; and that men visited there for immoral purposes. The defendant introduced no testimony, but made a statement denying that she had kept the house for more than three years, or that she owned the property, and alleging that she merely lived there with her mother and sister.

The defendant was found guilty. She moved for a new trial, on a number of grounds among them being the following:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court erred in compelling three witnesses to testify as to their presence at the house in question and to acts and sayings of the defendant there in their presence, after it had been shown that the reputation of inmates of the house was that of lewd women.

(3.) Because the court admitted over objection and refused to rule out testimony relating to the defendant and her house more than two years preceding the date of the indictment.

(4.) Because the court admitted in evidence the tax digest of the county to show title in the defendant.

(5.) Because certain charges and the entire charge were erroneous

(The court certified the charges excepted to only by reference to the entire charge.)

The motion was overruled, and the defendant excepted.]