NELSON v. THE TERRITORY OF OKLAHOMA.

1. CRIMINAL LAW—*Keeping Bawdy House—What Necessary to Prove.* In the trial of an information charging the defendant with keeping a house of prostitution or bawdy house, it must be shown: *First,* that the house is a bawdy house; and *second,* that the defendant was the keeper thereof.

2. EVIDENCE—*Character of House.* General reputation of the house as a house of prostitution is not competent or sufficient to sustain a conviction. The prosecution is not required to show particular acts of lewdness or pros- titution in the house. It is competent for the prosecution to show that the house is resorted to by people of both sexes who are reputed to be of lewd and lascivious character. From evidence of the general reputation of the inmates and persons who resort thereto, as being of lewd and lascivious character, the law will infer that such characters resort thereto for lewd and immoral purposes and that the house is a bawdy house.

3. KEEPER—*Evidence of.* Evidence that the defendant lived in or was an inmate of the house is not sufficient to warrant a conviction where the information is for the keeping of such house. The keeping is an essential element of the offense, and by *keeping.* is meant having the government of and exercising control and direction over the house and the conduct of the inmates thereof.

4. INSTRUCTIONS—*Sufficiency of.* It is not enough for the court to instruct the jury in general terms that the burden is upon the territory to establish the guilt of the accused, and each material element of the offense charged, to the satisfaction of the jury, by the evidence, beyond a reasonable doubt; but the accused is entitled to have the court instruct the jury as to what *are* the material elements of the offense, and in this case the court should have instructed the jury that keeping the house was a material element of the offense and should have defined to the jury, by the instructions what is meant by "keeping."

*Error from the District Court of Oklahoma County.*

The defendant was prosecuted by information for keeping a bawdy house and was convicted. The facts are stated in the opinion.

*Redick, Lewis & Snyder,* for plaintiff in error.

No briefs for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: The information in this case charges the defendant with keeping a bawdy house and house of ill-fame in violation of § 5, art. 33, ch. 25, of the Statutes of 1893.

To sustain a conviction for this offense two things are essentially necessarily to be shown by the prosecution: (1) That the house described in the information was a bawdy house. (2) That the defendant was the keeper of such house.

On the trial, the territory offered evidence to prove the general reputation of the house as a house of prostitution. No other evidence was offered to establish the character of the house except the testimony of witnesses

that the house was commonly reputed as being a house of prostitution. The evidence offered was not sufficient to sustain a conviction. It was competent for the territory to prove the character of the house by evidence of the bad character of the persons resorting thereto and of the inmates thereof. The fact that the inmates of the house and those who resort thereto are persons of bad character constitutes evidence to establish the bad character of the house, and the house cannot have any general reputation or character except as it is obtained through these and other facts. The facts and not evidence of general reputation must, therefore, be the only evidence competent to establish the bad character of the house. The fact that persons of immoral character reside in the house, and that men and women of lewd and immoral character resort thereto, may be sufficient evidence upon which to base a conviction, as the law will infer that persons of such character, when they resort together, do so for lewd and immoral purposes; but evidence that the house has a general reputation is not sufficient. (*State v. Hand*, 7 Ia. 413; *State v. Lyon*, 39 Ia. 379; Wharton's Crim. Law, vol. 2, § 453; *State v. Brunell*, 29 Ia. 435).

There are authorities that hold that evidence of the general reputation of the house is competent; that the fact that a house is a bawdy house may be proved by reputation. (*O'Brien v. People*, 28 Mich. 213; *The State v. McDowell Dudley*, S. C. 346). But an examination of these cases will show that the courts so holding have drawn a distinction between a house of ill-fame and one resorted to for the purposes of prostitution and lewdness; and those cases hold that the jury must be satisfied from the evidence, both that the house was one of ill-fame and that it was resorted to for the purpose

charged, and that the former may be proved by reputation, and the latter by the testimony of persons having knowledge of the fact that prostitutes and lewd persons resorted there and committed acts of prostitution. We think the definition of a common bawdy house embraces the facts that lewd persons of both sexes resort thereto and commit acts of prostitution therein, and that these acts are embraced in the charge of keeping the house, and being proven, establishes the fact that the house is a bawdy house, and that no evidence as to the general character of the house, independent of the facts and the character of those resorting thereto, is competent.

To sustain the conviction in this case would be to make the offense consist in keeping a house *reputed* to be a common bawdy house without regard to the question as to whether it is in fact a house of that character, and we are not willing to subscribe to the doctrine that one may be convicted of crime upon evidence simply of common repute.

There is no evidence in this record showing that the defendant was the keeper of the house specified in the information. No evidence that she was other than an ordinary inmate of the house except that the police judge of the city of Oklahoma City was permitted to testify that his docket shows that defendant had been convicted, at divers times, both before and after the date when this offense is alleged to have been committed, of keeping a bawdy house; but there was nothing in the evidence to identify any of the houses for the keeping of which she was convicted with the house specified in this information. Proof that the defendant lived in or was an inmate of a house of prostitution is not sufficient to warrant a conviction where the indictment or information is for

keeping such house.   The keeping is an essential element of the offense and by *keeping* is meant having the gov. ernment of and exercising control and direction over the house and the conduct of the inmates thereof.   As there was no proof that the defendant in this case had or exercised any government, management or control over the house described in the information, there was no proof that she was a keeper thereof and no proof to warrant the conviction.

The jury should have been instructed that the *keeping*, as herein defined, was an essential element of the offense of which the accused was charged, but nowhere in the instructions were they so directed.   It was not enough for the court to have instructed the jury, in general terms, that the burden was upon the territory to establish the guilt of the accused, and to establish each material element of the offense to the satisfaction of the jury, by the evidence, beyond a reasonable doubt, but the defendant was entitled to have the court instruct the jury as to what were the material elements of the offense, and that the keeping, that is, the control, management and direction of the house, was an essential element of the offense.   This the court, in this case, did not do; but on the contrary refused to so instruct when requested by the defendant.   The defendant asked the following instructions:

1.   "The jury are instructed that before you will be justified in finding a verdict of guilty against the defendant you must be satisfied by the evidence in the case, beyond a reasonable doubt, that the defendant, Kittie Nelson, was the keeper of a bawdy house in manner and form as charged in the information; and it is incumbent upon the territory to establish that fact, by affirmative proof, beyond a reasonable doubt.

2. "You are instructed that by the term 'keeper,' as used in this connection, is meant the person in charge and control of the house in question, and having the management of such, as distinguished from the other inmates thereof.

3. "You are further instructed that although you should find from the evidence in this case that the defendant, Kitty Nelson, was an inmate of the house in question, and although you should find that said house was a house of prostitution, unless you further find, from the evidence, beyond a reasonable doubt, that she was the keeper of the same, your verdict should be not guilty."

These instructions embrace proper principles of law governing this case; as they were not given in the general charge of the court, it was manifest error for the court to refuse them when requested by the defendant.

For the errors herein stated, the judgment of the court below must be reversed. The judgment is reversed and the cause remanded for a new trial.

All the Justices concurring.