*Hardeman & Jones,* contra.

---

### 511.   JONES *et al.* v. THE STATE.

1. Offenses of the same nature may be joined in one indictment in separate counts.

2. The offense of "keeping and maintaining a lewd house" and the offense of "keeping a common, ill-governed, and disorderly house" may be joined in the same indictment in different counts.

3. A count in the indictment, charging that the defendants "did keep and maintain a common, ill-governed, and disorderly house to the encouragement of idleness, drinking, and other misbehavior," is sufficiently specific, and is not demurrable because it does not definitely set out the acts constituting the "other misbehavior."

4. The law does not favor convictions based upon confessions, and least of all upon implied confessions.

5. Before testimony tending to show an inference of guilt is admitted to the jury as an implied confession arising from silence when an incriminating statement is made, it should affirmatively appear that such statement was addressed to the defendant, or that he was physically near enough to hear and understand the statement, and that, at the time and place when and where made, it required from him an answer or denial.

6. The verbal statement of the witness alleged to have been made in presence of the defendants did not measure up to the requirements of the law necessary to show an implied confession by silence or acquiescence, and it was error to admit such statement in evidence.

7. "Reputation of a house being kept and maintained as a lewd house is admissible evidence." Such evidence alone, wholly uncorroborated, is not sufficient to establish the offense of keeping and maintaining a lewd house.

8. The evidence in this case as to the general reputation of the house for lewdness was fully met by proof of the good character of the only

two inmates of the house, and the further fact that for fifteen years no act or circumstance indicating lewdness or immorality was shown in connection with said house.

Certiorari, from Franklin superior court—Judge Kimsey. May 8, 1907.

Submitted July 17,—Decided August 8, 1907.

*Joseph N. Worley,* for plaintiffs in error. *S. J. Tribble, solicitor-general, H. H. Chandler, J. B. Jones,* contra.

HILL, C. J. 1. The indictment on which the defendants were tried contains two counts: one under the Penal Code, §391, "for keeping and maintaining a lewd house;" and one under §393, for "keeping a common, ill-governed, and disorderly house." A demurrer was filed to the indictment, on the ground that it contained two separate and distinct counts charging separate and distinct crimes, not kindred in nature, and not committed in the same act and at the same time. It is well settled that different counts charging offenses of the same character may be joined in one indictment in separate counts. *Williams* v. *State,* 72 *Ga.* 180; *Hoskins* v. *State,* 11 *Ga.* 92. We think the two offenses of keeping and maintaining a lewd house, and keeping a common, ill-governed, and disorderly house are offenses of the same nature, and are properly joined in the same indictment under separate counts.

2. The demurrer to the second count, on the ground that it charged the defendant with keeping said house for "the encouragement of drinking, idleness, and other misbehavior," without stating what the "other misbehavior" consisted in, was properly overruled. The words "other misbehavior" were surplusage. *Brand* v. *State,* 112 *Ga.* 25, 37 S. E. 100; *Hubbard* v. *State,* 123 *Ga.* 17, 51 S. E. 11. It would be sufficient to support a conviction under this count if the evidence showed that the defendant kept a common, ill-governed, and disorderly house to the encouragement of idleness or drinking.

3. It was shown by the evidence that the two defendants, who were sisters owning and living at said house, had on one occasion, during the fifteen years of their residence therein, fled to a neighbor's for protection from the disorderly conduct of a drunken man who in that condition had entered their house. This witness was allowed to testify, over the objection of defendant's counsel, that this intoxicated man had made in their presence certain incrimi-

nating statements which they did not deny. It was shown that this man was very drunk and maudlin, and that the women were greatly frightened by his conduct. The maxim qui tacit consentire videtur, as held in *Rolfe* v. *Rolfe,* 10 *Ga.* 146, "is to be applied with careful discrimination," and admissions inferred from acquiescence in the verbal statements of others "should always be received with caution, and never ought to be received at all unless the evidence is of direct declarations of that kind which naturally calls for contradiction." We do not think that such testimony is admissible, unless it affirmatively appears that the incriminating statement or declaration was addressed to the defendants, and they heard and understood · such statement, or were physically near enough to the speaker to hear it, and that under the circumstances a denial was required and none was made. All of these essential facts were not shown; and in any event it would be carrying the rule very far to hold that the silence of a frightened woman to the maudlin statement of a drunken man was an implied admission of the truth of such statement. We think the admission of this verbal statement incriminating the defendants, and their failure to contradict it, was erroneous under the circumstances of the case.

4. The defendants were two sisters living together in a house which they were charged with keeping and maintaining as a lewd house and a disorderly house. They had lived in this house for fifteen years. The only testimony against them was as to the general reputation of the house. Several witnesses testified that the house had a bad reputation, and was generally reputed to be a lewd house. To meet this evidence, it was clearly shown that the defendants were women of some means, owned the house in which they lived, and had besides other property. It was also shown that the authorities of the town in which the house was located had had this house watched for ten years, and not one act of lewdness or disorder was discovered in connection therewith, except that during this time on one occasion a woman was seen to kiss a man in the house. It was not shown who this man was, and it was further shown that the woman had a brother and other relatives who visited them at their home. During the fifteen years in which these women had lived in this house, no act of immorality or improper conduct was shown against either one of them, or as taking place in said house. No evidence was offered to prove that

the two women were themselves of lewd reputation; and during the entire fifteen years only three men were seen to go to said house. The solicitor-general, abandoned the count for keeping a disorderly house, but relied upon the count for keeping and maintaining a lewd house; and upon this count the defendants were convicted. The conviction rests alone upon the testimony as to the general reputation of the house for lewdness. There is not one circumstance or fact in corroboration of the testimony as to the general reputation of the house, and every specific fact and circumstance tends to prove that this general reputation was not justified by the real character of the house or the conduct and character of the two inmates. The Supreme Court, in *Hogan* v. *State, 76 Ga.* 82, has held that the reputation of a house being kept and maintained as a lewd house is admissible evidence in the trial of a case for this offense. The Supreme Court did not hold in that case that such evidence alone and uncorroborated was sufficient to support a verdict of guilty; and in that particular case there was other corroborative evidence, such as the lewd character of the women who lived in the house, and that men visited the house for immoral purposes. Many courts in other States have held that evidence of general reputation of the house is inadmissible in support of the charge of keeping a lewd house. Henson v. State, 62 Md. 204, 50 Am. R. 204; U. S. v. Jourdine, 4 Cranch, 338, Fed. Cas. 15499; Handy v. State, 63 Miss. 207, 56 Am. R. 803; State v. Plant, 67 Vt. 454, 32 Atl. 237; Nelson v. Territory, 5 Okl. 512, 49 Pac. 920; Wooster v. State, 55 Ala. 217. But, as before stated, the Supreme Court of Georgia in *Hogan* v. *State,* supra, only decided that such testimony was admissible, but did not decide that such testimony, without any corroboration, was itself sufficient to prove the charge of keeping and maintaining a lewd house, and to support a conviction therefor. The testimony in this case even as to the general reputation of the house was by no means satisfactory as proving such general reputation. Such testimony seems to have been founded upon mere rumors, and not the opinion of character generally entertained by the community. "Mere rumors are of course not reputation. Reputation involves a notion of the general estimate of the community as a whole. Not what a few persons say or what many say, but what the community generally believes." 1 Gr. Ev. (16th ed.) 586.

After a careful analysis of the evidence in this record, we are clearly of the opinion that this verdict was without legal evidence to support it, and that a new trial should be granted.

*Judgment reversed.*