MARY YERKES V. STATE OF NEBRASKA.

FILED JUNE 27, 1923. No. 23132.

1. **Prostitution:** DISORDERLY HOUSE: PROOF. In a prosecution under section 9764, Comp. St. 1922, for the crime of causing a female person to become an inmate of a house of prostitution, evidence of the general reputation of a house is admissible to prove its character, and particular acts of lewdness or prostitution need not be proved.

2. **Evidence** examined, and found sufficient to sustain the verdict.

ERROR to the district court for Platte county: A. M. POST, JUDGE. *Affirmed.*

*Garlow & Long* and *Organ & Delitala,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before MORRISSEY, C. J., LETTON and ALDRICH, JJ., BLACKLEDGE and COLBY, District Judges.

ALDRICH, J.

Defendant was convicted in the district court for Platte county for pandering in the city of Columbus, Nebraska, under section 9764, Comp. St. 1922, and was sentenced to confinement in the penitentiary for a term of not less than one nor more than three years. Defendant prosecutes error.

The first assignment of error is that the lower court erred in admitting testimony as to the general reputation of the house owned by defendant and described in

the indictment.  Defendant contends that the reputation of the place is not in issue, and that the state must show that the house was actually a house of prostitution.  Specifically the assignment of error is directed at the testimony of the state's witnesses, Lehman and Adams, with the claim that the same is hearsay.  Lehman was a police officer in the city of Columbus and Adams was the proprietor of a hotel situated within a block of the house in question.  Both witnesses testified as to its general reputation.  This evidence was admissible under well-established rules of evidence.

"The weight of authority seems to be that evidence of reputation is admissible to prove the character of a house, and particular acts of lewdness or prostitution need not be proved." 4 Ency. of Evi. 725.  See, also, *Drake v. State,* 14 Neb. 535; *State v. Bresland,* 59 Minn. 281; *Hogan v. State,* 76 Ga. 82; *Betts v. State,* 93 Ind. 375.

Defendant contends that there was error committed in admitting the testimony of the witness Lehman as to his finding intoxicating liquor upon the premises in question.  We find that this matter was brought out incidentally in Lehman's testimony in answer to a general question as to what was said and done during one of his visits to the house.  No objection was made to the question when asked, but defendant's motion to strike from the record a part of the answer as a statement of a conclusion was sustained by the trial judge.  This was the only objection made to the evidence at the trial.  Defendant is not in a position now to complain.

The next issue presented is: Did the court err in overruling defendant's motion to strike the testimony adduced on cross-examination of defendant with reference to litigation pending in federal court at Omaha in connection with a liquor charge?  The record shows that this matter was first brought out on direct examination of defendant as follows: "Q. Was there anything along about the time you moved in again, or just before that

was anything done by the state or federal officers in regard to locking the place up? A. Yes; they said they shut it up, but they never did." The questions asked were within the limits of proper cross-examination and, in view of the record made by defendant, are not prejudicial.

As to the sufficiency of the evidence, we find that defendant's assignment of error is not well taken. The evidence was in direct conflict as to the material facts. The testimony of the state's witness, Mabel Jones, was, in substance, that defendant gave her board and room with the understanding that she was to engage in prostitution and to give one-half the proceeds to defendant. Several witnesses who testified in behalf of defendant, and defendant herself, tell a story contradictory to this; but, it being a question purely of fact, the jury were at liberty to believe the witnesses they thought were telling the truth. In view of the record, we will not disturb their finding, which is sustained by sufficient competent evidence.

This being a question of fact, we cannot be called in to disturb the verdict of the jury, and could not do so as a matter of law. The case, then, is for affirmance.

AFFIRMED.