31356. BODNE *v.* THE STATE.

DECIDED JANUARY 9, 1947.

*Howard, Camp & Tiller,* for plaintiff in error.
*E. E. Andrews, Solicitor-General, Durwood T. Pye,* contra.

BROYLES, C. J. Phillip Bodne was tried on an indictment charging him with unlawfully assaulting Clement C. Moseley, with the intent to murder him, by shooting at him with a pistol, which was a weapon likely to produce death.

He was convicted of the offense of unlawfully shooting at another; his motion for a new trial was denied, and that judgment is assigned as error. As conceded by counsel for the movant in their brief, the evidence authorized the verdict. Therefore the general grounds of the motion for new trial are without merit.

The evidence authorized the jury to find that, on the night of October 19, 1945, Clement C. Moseley and other Federal officers went to a parking lot in Atlanta for the purpose of catching the defendant and Floyd Cullins in the act of receiving a delivery of illegal sugar-ration coupons; that they saw the defendant and Cullins receive the coupons and drive off in an automobile; that Moseley called to them to stop, saying that he was a Federal officer, but that, instead of stopping, they continued their drive, and the defendant shot twice at Moseley with a pistol.

Special grounds 1, 2, and 3 complain of the admission of testimony showing that, about ten months prior to this shooting, Moseley and other Federal officers caught the defendant and other persons in the act of making an illegal transfer involving the sale and purchase of illegal tire-rationing certificates. The principal objec-

tion to the testimony was, that it related to a separate and isolated transaction in no way connected with the offense for which the defendant was on trial, and that it put the defendant's character in issue and was highly prejudicial to him, and put upon him the burden of defending himself against another charge of which Fulton Superior Court had no jurisdiction. We think that the testimony was admissible in evidence to show that on a previous occasion the defendant had been engaged in another almost similar illegal transaction, which tended to support the State's testimony that he was so engaged when he shot at Moseley. Further, the testimony was admissible to show the defendant's motive and intent in the shooting, whether it was to escape capture, or whether it was to revenge himself on Moseley because of his previous arrest by that officer.

The cases cited in behalf of the accused are distinguished by their facts from this case.

Ground 4 assigns as error the admission in evidence of certain statements made by the defendant to the judge of the United States District Court, on a hearing in that court. Upon that hearing, the court said to movant: "I understood, too, you were indicted for shooting at an O. P. A. investigator?," referring to the shooting at Moseley. The judge further asked, "You say you had nothing to do with it?," and the movant replied, "No sir, I was not there, they came out to my house early in the morning, and woke me up." The evidence was objected to on the ground "that it was an effort on the part of the State to put the defendant's character in issue, the movant's counsel contending that there was no conflict between the defendant's statements in the Federal court and his statement in Fulton Superior Court. The ground shows that when the statements in the former court were offered, the solicitor-general stated that the evidence was in rebuttal of the defendant's statement that on the night when Moseley was shot at, he (defendant) was present at the parking lot in question and that he left it in "a fusillade of shots," but that he knew nothing about the shooting of Moseley. We think that the jury were authorized to find that there was a conflict between the movant's statement in the Federal court and his statement in this case, and that his statement in the Federal court was admissible as tending to impeach him.

Ground 5 complains of the admission in evidence of certain statements made by the movant and his counsel, Mr. Camp, in the

same Federal court and on the same occasion as referred to in ground 4. The ground sets forth the colloquy between the movant, Mr. Camp, and the Federal judge as follows: The Court: "Then in October, '45, I don't know whether or not you were arrested, but you were accused with others of conspiracy to violate the act with respect to sugar regulations?" Movant: "Yes, sir." The Court: "What became of that?" Movant: "That was before my trial. I had a hearing before the commissioner and was placed under a $1500 bond." The Court: "Are you still under bond in that case?" Movant: "Yes, sir." Mr. Camp: "There has been no indictment." Movant: "No indictment on that." The Court: "I understood that you were indicted for shooting at an O. P. A. investigator." Mr. Camp: "That was the same transaction. It occurred on Friday night before this trial came up the following Tuesday, this trial, you are now about to sentence him on, was set for Tuesday, and on the Friday night previous to that time he was arrested and we had a hearing before the commissioner, and he was charged at that time with firing at one of the O. P. A. officers. Mr. Bodne told me at that time, and it has been my contention that was for the purpose of creating some atmosphere in connection with the trial that was going on Tuesday, this particular incident." (It is evident that the above-quoted colloquy occurred after the conclusion of the movant's trial in the Federal court.) Counsel for the movant objected to the admission of the evidence upon the ground that it was an effort on the part of the State to put the defendant's character in issue, and "an effort to show a colloquy between another court and this defendant and his attorney, hoping to show in that way that the defendant committed another crime." Counsel for the movant also stated: "I wish the record to show that I claim my privilege under the law as attorney for Mr. Bodne not to make any statement or give any testimony with reference to any communications between Bodne and myself. I claim that right."

Our ruling on ground 4 is controlling here on the question as to the admissibility of the movant's statements made in the Federal court. But his counsel say in their brief that, "even if it should be decided that there was such conflict in the two statements [made by movant] as might authorize a jury to consider the evidence in so far as it related to Bodne, this certainly would not authorize a

holding that the testimony concerning statements made by the defendant's attorney was admissible against him."

It appears from the ground itself that the statements of the movant's counsel to the Federal judge were freely and voluntarily made. He was not even asked any question by the judge. It further appears that those statements at the time of their utterance were made for the sole purpose of helping his client and not of injuring him. There is a clear inference from the circumstances set out in the ground that the movant had been convicted by the Federal court of some offense, and that the judge was considering the proper punishment to be imposed, when counsel made his voluntary statement to the judge in which he said in effect that he and his client believed that the movant had been taken before the United States Commissioner, for the shooting of Moseley, for the purpose of "creating an atmosphere" against the movant on his trial in the Federal court. Furthermore, counsel's statements were made in the presence and hearing of his client, who impliedly acquiesced in them by his silence. *Jones* v. *State,* 2 *Ga. App.* 433, 435 (5) (58 S. E. 559.) Moreover, we fail to see how the statements of counsel were prejudicial to the movant; and therefore, even if the evidence was immaterial, its admission was not harmful error. The decisions cited in support of this ground are not here applicable. In our opinion, the ground shows no cause for a reversal of the judgment.

The remaining special ground is expressly abandoned in the brief of counsel for the plaintiff in error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*