**Wesley G. HOWARD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–90–0304.**

Court of Criminal Appeals of Oklahoma.

July 15, 1991.

Robert Perrine, Norman, for appellant.

Robert H. Henry, State Atty. Gen. and Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Appellant was convicted of Possession of a Controlled Dangerous Substance (63 O.S.1981, § 2–401) and of Maintaining a Place where Controlled Dangerous Substances are Kept (63 O.S.1981, § 2–404(A)(6), both After Former Conviction of Two or More Felonies, after a trial by jury in the District Court of Oklahoma County, Case No. CRF–89–2302. The jury recommended that Appellant be sentenced to serve a term of forty-five (45) years in the custody of the Department of Corrections for each count. The trial court sentenced accordingly, setting the terms to be served consecutively. Appellant has brought his appeal, alleging that his conviction under 63 O.S.1981, § 2–404(A)(6) was an unconstitutional violation of his right to be free from double jeopardy, that the evidence failed to support the conviction for that charge, that the evidence was insufficient to prove his possession of drugs, that a mistrial should have been granted in the second stage of the trial when it was determined that one of the former convictions was invalidly introduced and finally, that his sentences are excessive. We find that relief is warranted in regard to the conviction for Maintaining a Place where Controlled Dangerous Substances are Kept, however, the conviction for Possession of a Controlled Dangerous Substance is affirmed.

■ At the outset, we feel compelled to note that we find it very troubling that the State chose only to respond to the issues concerning the sufficiency of the evidence supporting the Possession charge and the length of the sentences received. There is no explanation in the brief concerning the State's failure to address the double jeopardy or second stage issues [1]. By failing to

---

**1.** Our rules require briefs to address the contentions of the appellant, supported by citations to all authorities, statutes and the appropriate parts of the record. *See* Rule 3.5, subd. A(5) of the Rules of the Court of Criminal Appeals. Conclusory statements that the proposition has no merit do not satisfy this rule.

address many of the issues raised in an appeal, the State offers no guidance or input to this Court as to the resolution of these very important issues. There is no excuse for the filing of incomplete briefs in this manner.

■ Appellant's first allegation of error concerns his conviction for Maintaining a Place where Controlled Dangerous Substances are Kept. The language of the statute which criminalizes this behavior, 63 O.S.1891, § 2–404(A)(6), spells out exactly the type of activity which is prohibited:

A. It shall be unlawful for any person:

6. To keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled dangerous substances in violation of this act for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this act.

Examination of the evidence presented at trial in light of the dictates of the statute, along with the guidelines of *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985), readily reveals the lack of proof of this crime by the State. The testimony at trial established that Appellant was arrested for Public Intoxication at an Oklahoma City convenience store after the clerk of the store called police to report suspicious behavior by Appellant. After his arrest, Appellant asked the arresting officer if they could go back to a motel room where his eight year old son was sleeping so that other arrangements could be made for the boy.

When the officers arrived at the motel, Appellant told them that he did not have a key and asked them to get one from the desk clerk. The officers determined from the motel register which room had been rented by Appellant and obtained a key from the clerk. They went into the room and awakened the boy. As they were doing so, they noticed a small package containing a white powder on a bedside table,

along with a syringe, a piece of damp cotton and a broken cigarette. Both the contents of the package and the cotton tested positive for methamphetamine. The package was later found to contain zero point one (0.1) gram of the drug.

While this evidence is certainly sufficient to justify a conviction for Possession of a Controlled Dangerous Substance, as will be discussed in further detail below, we do not find any evidence which even remotely tends to prove that the motel room rented by Appellant was maintained to be "resorted to by *persons* for the purpose of using such substances" or for "the keeping or selling of the same;" proof of either of which is required to sustain a conviction under Section 2–404(A)(6). It is clear that Appellant was convicted of this offense solely due to the presence of drugs in the room. In such a situation, we must conclude that the conviction for Maintaining a Place where Controlled Dangerous Substances are Kept is not supported by sufficient evidence. While Appellant frames his claim based on his right to be free against Double Jeopardy, we do not agree that Double Jeopardy principals are implicated here. The question, simply stated, is whether there is sufficient proof of the elements of the crime charged to justify the conviction.

■ Appellant has directed our attention to the Georgia case of *Barnes v. State*, 255 Ga. 396, 339 S.E.2d 229 (1986) which contains an excellent summary of various other states' treatment of this same problem in connection with very similar statutes. When properly proven, the elements of a possession charge and those of Maintaining a Place where Controlled Dangerous Substances are Kept are distinctly different. The court considered how each of several states sought to create sufficient distinction between the two offenses so as not to offend the principles of double jeopardy. The Georgia Court summarized its conclusions by formulating the following three rules with regard to its statute [2]:

---

2. The Georgia statute, OCGA § 16–13–42(a)(5), provides:
   (a) It shall be unlawful for any person:

(5) Knowingly to keep or maintain any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure or place

First, we hold that in order to support a conviction under § 16–13–42(a)(5) for maintaining a residence or place used for keeping controlled substances, the evidence must show that one of the purposes for maintaining the structure was the keeping of the controlled substance; thus, the mere possession of limited quantities of a controlled substance within the residence or structure is insufficient to support a conviction under Section 16–13–42(a)(5). Second, we hold that in order to support a conviction under this statute for maintaining a residence or other structure or place used for selling controlled substances, the evidence must be sufficient to support a finding of more than a single, isolated instance of the proscribed activity.... Thirdly, we hold that in determining the sufficiency of the evidence in these regards, each case must be adjudged according to its own unique facts and circumstances, and there is no inflexible rule that evidence found only on a single occasion cannot be sufficient to show a crime of a continuing nature.

*Id.*, 339 S.E.2d at 234.

We agree with the concepts expressed by the Georgia Supreme Court and adopt these three rules for use in the evaluation of convictions under our Section 2–404(A)(6). It is clear by the language of the statute that the legislature intended to do more by the enactment of Section 2–404(A)(6) than provide additional punishment or enhanced punishment for cases of simple possession. The statute establishes additional essential elements which are not found in the laws against possession which, when coupled with proof of those elements, would establish a separate crime for double jeopardy purposes. Conviction under this section is warranted when there is evidence that the location in question is somehow being used for the purpose of facilitating drug usage or sales.

■ We hold that in order to warrant a conviction under Section 2–404(A)(6) the State must prove two essential elements:

(1) that a substantial *purpose*, and not necessarily the sole purpose, of the maintaining of a place identified by the statute is for the keeping, selling or using of controlled dangerous substances;

(2) the activity giving rise to the charge must be more than a single, isolated activity. This element may be established through either direct or circumstantial evidence of the intent to continue illicit activities at the place in question.

As the Georgia Supreme Court held in *Barnes*, these requirements will be applied to the facts and circumstances of each case individually rather than as hard and rigid rules.

In the present case there is no proof of any offense other than simple possession, thus, the conviction under Section 2–404(A)(6) must be reversed. The conviction for Maintaining a Place where Controlled Dangerous Substances are Kept must be, and is, DISMISSED.

■ Appellant argues, in his third proposition of error, that there was insufficient evidence to prove that he was the possessor of the drugs found in his motel room. As noted above, we disagree. Possession of an illegal drug may be either actual or constructive. *Wilson v. State,* 737 P.2d 578, 580 (Okl.Cr.1987). It need not be exclusive possession, as long as there is proof that the defendant knowingly and wilfully shared the right to control the dangerous substance. *Staples v. State,* 528 P.2d 1131, 1133 (Okl.Cr.1974). Proof of possession, as conceded by Appellant, may be established by circumstantial evidence. *U.S. v. Hooks,* 780 F.2d 1526 (10th Cir.1986).

■ In the present case, the record establishes that the drugs were found in a motel room rented and apparently occupied

which is resorted to by persons using controlled substances in violation of this article for the purpose of using these substances, or

which is used for keeping or selling them in violation of this article.

by Appellant and his eight year old son. Appellant attacks the evidence which established that he had rented the room as inadmissible hearsay.

At trial, the arresting officer testified that he gave the desk clerk Appellant's name and asked which room he had rented. The clerk provided the signature card, bearing Appellant's signature, the room number and the key. When this testimony was offered, Appellant objected on the basis that the evidence was hearsay. The trial court overruled the objection after the State argued that the evidence was offered to show a basis for the officer's actions and not to prove the truth of the matter asserted, that is that Appellant had rented the room. We find this to be a correct ruling. The statements made to the officer by the desk clerk were related by the officer in explanation of the events of the arrest and not to prove that Appellant had control of the rented room. There is no hearsay problem. *Beavers v. State*, 709 P.2d 702 (Okl.Cr.1985); *Walker v. State*, 608 P.2d 1156 (Okl.Cr.1980). The evidence offered amply supports the fact that the room was rented by Appellant, and that he and his son were the only occupants. We find this evidence to be sufficient to support the charge of Possession of a Controlled Dangerous Substance.

Appellant's fourth proposition of error relates to occurrences in the second stage of his trial. In connection with its obligation to prove that Appellant had been previously convicted of two or more felonies, the State offered evidence that Appellant had, in fact, been convicted of seven prior felonies. After both sides had rested, while the jury instructions were being settled, Appellant raised his objection that his prior conviction in Oklahoma County District Court, Case No. CRF–73–2022 was not for Unlawful Possession of Marijuana With the Intent to Distribute, as alleged by the State, but had been reduced to the misdemeanor of simple possession. Appellant's request for a mistrial was denied; however, the State agreed to strike the allegation from the Information and the trial court instructed the jury that they were not to consider it with regard to determining punishment. In light of the fact that there were still six valid convictions re-

maining, any two of which would support the charge, we must agree with the trial court's decision not to grant a mistrial. At most, the introduction of the reduced charge was harmless error. *Fitchen v. State*, 738 P.2d 177 (Okl.Cr.1987); *Hill v. State*, 648 P.2d 1268 (Okl.Cr.1982); *Bowen v. State*, 606 P.2d 589 (Okl.Cr.1980).

As his final claim of error, Appellant seeks relief from his two sentences of forty-five years on the ground that the punishment is excessive. We have reversed one of Appellant's two convictions, thus, the only question before us is whether the sentence for Possession of a Controlled Dangerous Substance After Former Conviction of Two or More Felonies is excessive. Although the sentence is admittedly severe, it is within the statutory range of punishment. We held in *Collins v. State*, 751 P.2d 200, 202 (Okl.Cr.1988) that "where [the] punishment is within the range established by the legislature, we will not disturb the sentence unless under all the facts and circumstances of the case, the sentence is so excessive as to shock the conscience of the court." We find that Appellant has a history of five drug convictions dating back to the mid 1970's. We cannot say that under these circumstances the punishment is excessive. *Estell v. State*, 766 P.2d 1380 (Okl.Cr.1988); *Jones v. State*, 764 P.2d 914 (Okl.Cr.1988); *Johnson v. State*, 761 P.2d 484 (Okl.Cr.1988).

After review of the errors alleged by Appellant, we have concluded that Appellant's conviction for Maintaining a Place where Controlled Dangerous Substances are Kept After Former Conviction of Two or More Felonies must be REVERSED. The judgment and sentence for Possession of a Controlled Dangerous Substance After Former Conviction of Two or More Felonies is AFFIRMED.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concur.