**Grady Lane MEEKS, a/k/a Laddie Meeks, a/k/a Grady Roskam, a/k/a Laddy G. Meeks, a/k/a Laddy Roskam, a/k/a Grady Lane Roskam, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-89-1157.**

Court of Criminal Appeals of Oklahoma.

April 5, 1994.

Greg Neil (at trial), Lawton, Linda H. McGuire, Asst. Appellate Indigent Defender (on appeal), Norman, for appellant.

Robert Schulte, Dist. Atty. (at trial), Lawton, Susan Brimer Loving, Atty. Gen. of Oklahoma (on appeal), Sandra D. Howard, Asst. Atty. Gen. (on appeal), Chief, Criminal Div., Oklahoma City, for state.

## SUMMARY OPINION

LUMPKIN, Presiding Judge:

Appellant Grady Lane Meeks, a/k/a Laddie Meeks, a/k/a Grady Roskam, a/k/a) Laddy G. Meeks, a/k/a Laddy Roskam, a/k/a Grady Lane Roskam, was tried by a jury in the District Court of Comanche County, Case No. CRF–88–645, and convicted of two counts of Unlawful Distribution of a Controlled Dangerous Substance (63 O.S.Supp. 1986, § 2–401) and one count of Maintaining a Dwelling House Resorted to by Persons Using Controlled Dangerous Substances (63 O.S.1981, § 2–404(A)(6)), both after former conviction of two of more felonies (21 O.S.Supp.1985, § 51). The jury recommended he be sentenced to terms of imprisonment of thirty-five (35) years on each count, and the trial court sentenced accordingly. We affirm in part and reverse in part.

Appellant alleges in his second proposition of error there was insufficient evidence to sustain the conviction for maintaining a dwelling house for the purpose of selling controlled dangerous substances. We find sufficient evidence to support the conviction; however, we must reverse and remand this count for a new trial based on an incorrect instruction given by the trial court.

The applicable statute reads:

A. It shall be unlawful for any person:

. . . .

6. To keep or maintain any ... dwelling house ..., which is resorted to by persons

using controlled dangerous substances in violation of this act for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this act.

63 O.S.1981, § 2–404. This Court adopted rules concerning this charge in *Howard v. State*, 815 P.2d 679, 683 (Okl.Cr.1991). To maintain a conviction under this statute, the prosecution must prove (1) a substantial purpose is for the keeping, selling or using of drugs; and (2) there must be shown more than a single, isolated incidence of the activity. In addition, each case must be judged on its own facts. *Id.*

Here, the prosecution presented evidence of two sales, both on the same day to the same person. In each instance, Appellant did not immediately sell the drug to the informant, but instead told him to come back in a relatively short period of time. Appellant argues if the house had been "maintained" for drug sales, he would have had the drugs on hand in both instances. We disagree. The statute prohibits "keep[ing] or maintain[ing]" a dwelling "resorted to" by persons using drugs. Clearly, Appellant could have "kept" or "maintained" the house by using it as a kind of brokerage house, or exchange site, where someone could bring in drugs for resale, allowing him to keep a small percentage as a profit. This is enhanced by the presence of Craig Tanner, who Appellant admits made a living selling methamphetamine. Appellant admitted using a pager that was in someone else's name, although he said this was done because he could not always pay his bills and did not have a telephone. On the first tape, the informant made reference to the pager, an indication it might have been routinely used to facilitate the sale of drugs. There was no indication the informant knew Appellant did not have a telephone. Appellant also admitted receiving some drugs the same day from Tanner. He also admitted selling them in the past; just not on that particular day. However, he did admit selling some "gold" to Tanner the same day. He had sporadic employment.

Clearly, the house was Appellant's residence. There was no indication Appellant kept or maintained the dwelling primarily to sell drugs. However, *Howard* does not require this must be the primary purpose for maintaining the dwelling; only a *substantial* purpose.

Therefore, in the light most favorable to the prosecution, the dwelling was "kept" or "maintained" not only to facilitate the sale of drugs to others, but also for use by its inhabitants.

■ Less clear is Appellant's assertion the trial court gave an incorrect instruction. Appellant claims the instruction given by the court allowed the jury to convict him based solely on personal use in his house. He did not object to the instruction, which reads:

The Statutes of the State of Oklahoma provide that any person who keeps or maintains any dwelling house, or any place whatever, which is resorted to by persons using controlled dangerous substances or for the purpose of using, keeping or selling of such substances is guilty of a felony.

The statute reads in pertinent part:

To keep or maintain any ... dwelling house ..., which is resorted to by persons using controlled dangerous substances in violation of this act for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this act.

Eliminating extraneous language, one finds the instruction reads:

any person who keeps or maintains any dwelling house which is resorted to by persons using controlled dangerous substances or for the purpose of using, keeping or selling of such substances ...

while the statute reads:

To keep or maintain any ... dwelling house ..., which is resorted to by persons using controlled dangerous substances in violation of this act for the purpose of using such substances, or which is used for the keeping or selling of the same.

The first part of each phrase deals with a place to which people would resort specifically to use drugs (*e.g.*, crack houses, opium dens). Thus, the first phrase of each can be eliminated, leaving an instruction which reads:

or for the purpose of *using,* keeping or selling of such substances ...

while the remainder of the statute reads:

or which is used for the keeping or selling of the same.

When comparing the two sections, it seems clear the jury could have convicted Appellant of maintaining a dwelling simply because he consumed drugs in his own house, a crime Appellant admitted. This is the problem encountered in *Howard,* where an appellant was convicted of the charge because he possessed drugs in his room. Therefore, we must reverse and remand for a new trial.

■ It seems clear this Court must provide the lower courts with some guidance on these points. After informing the jury of the charge, a trial court should give instructions which are in substantial compliance with the instructions listed below.

I. No person may be convicted of this offense unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *First,* keeping or maintaining; *second,* any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatsoever; *third,* [which is where persons using controlled dangerous substances in violation of this act often, customarily or generally go for the purpose of using such substances] [which is used for the keeping or selling of the same in violation of this act].

II. You are further instructed that the phrase "keeping or maintaining" as used in this section requires that the defendant have control, ownership, or management of the residence, structure, or vehicle, as distinguished from other persons resorting to it to buy or use controlled dangerous substances in violation of this act.

III. You are further instructed that a conviction under this section requires that the activity giving rise to the charge must be more than a single, isolated activity. Rather, the term implies an element of some degree of habitualness.

IV. Further, a conviction under this section requires that a substantial purpose, and not necessarily the sole purpose, of the place identified by the statute is for [the keeping or selling of controlled dangerous substances] [the using of controlled dangerous substances by persons resorting to the place for that purpose, in violation of the act].

V. You are further instructed that the mere possession of limited quantities of a controlled substance by the person keeping or maintaining the residence, structure, or vehicle for that person's personal use within that residence or structure is insufficient to support a conviction under this section.

*Howard v. State,* 815 P.2d 679, 683 (Okl.Cr. 1991); *Jones v. State,* 10 Okl.Cr. 79, 133 P. 1134, 1135 (1913); *Nelson v. Territory,* 5 Okla. 512, 49 P. 920, 921 (1897); *State v. Cox,* 52 Vt. 471, 474 (1880).

Appellant also raises the following additional propositions of error in support of his appeal:

I. The State failed to read the plea of the defendant after reading the information; the trial court's refusal to dismiss the case constitutes an abuse of discretion;

III. The evidence provided by the State's informant was unreliable and the government action in obtaining the evidence was so outrageous it violated principles of due process and fundamental fairness;

IV. The sentences imposed are excessive.

After a thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts and briefs of the parties, we have determined that neither reversal nor modification is required under the law and evidence on the two counts of Unlawful Distribution of a Controlled Dangerous Substance. Accordingly, those convictions are **AFFIRMED.** However, for the reasons set forth above, the count of Maintaining a Dwelling House Resorted to by Persons Using Controlled Dangerous Substances is hereby ordered to be **REVERSED** and **REMANDED** for a **NEW TRIAL.**

### DECISION

The Judgment and Sentence of the trial court is **AFFIRMED** as to two counts of Unlawful Distribution of a Controlled Dan-

gerous Substance. The Judgment and Sentence of the trial court on the count of Maintaining a Dwelling House Resorted to by Persons Using Controlled Dangerous Substances is **REVERSED** and **REMANDED** for a **NEW TRIAL.**

JOHNSON, V.P.J., and CHAPEL and STRUBHAR, JJ., concur.

LANE, J., not participating.